### LEONARD *against* BOSWORTH.

A mortgage is not an alienation within the statute against selling pretended titles.

A mortgage is merely a lien, by means of which the mortgagee may obtain possession, and, if his debt is not paid, appropriate the thing pledged in satisfaction.

To subject a person to a penalty, for the violation of a penal statute, it is not sufficient that the offence is within the mischief, if it be not within the literal construction, of the statute.

This was an action *qui tam* on the statute against selling pretended titles, (*tit.* 97. *c.* 17. p. 446. ed. 1808.) to recover one moiety of the value of 112 acres of land in *Ashford*, alleged to have been conveyed, by a mortgage deed, for the security of a note for 452 dollars, 40 cents, by *David Edmunds*, and *Mary Edmunds*, his wife, while they were held out of the possession of the premises, and ousted thereof, to the defendant, and by him accepted.

The cause was tried at *Brooklyn, January* term, 1822, before *Hosmer*, Ch. J. ; when the plaintiff obtained a verdict for 784 dollars, damages, and costs.

*Windham,*
*July,*
*1822.*

Gleason
*v.*
Gary.

*Windham,*
*July,*
*1822.*

*Leonard*
*v.*
*Bosworth.*

The defendant then moved in arrest of judgment, for the insufficiency of the declaration. He also moved for a new trial, on several grounds, which it has become unnecessary to state. The case was reserved, on both motions, for the advice of all the Judges.

*Daggett* and *Welch,* in support of the motion in arrest, contended, 1. That no recovery could be had, in this action, of the penalty demanded, because the statute on which the action is brought, gives one " half of the penalty to the *treasury of this colony* ;" a thing not now in existence ; a term no longer known to our law. The statute gives the right of action ; and prescribes the mode in which that right is to be enforced. No other mode can be resorted to. The treasury of the *state of Connecticut,* is not entitled to the penalty.

2. That a mortgage is not an alienation or conveyance of lands, or of any interest therein, within the provisions of the statute on which this suit is brought. This appears, first, from the *nature* of a mortgage ; it being only a pledge, and the interest of the mortgagee being personal estate. *Runyan* v. *Mersereau,* 11 *Johns. Rep.* 534. *Martin* d. *Weston* v. *Mowlin,* 2 *Burr.* 978. Secondly, it is not within the *words* of the statute. If it is embraced, by any term used, it is by " alienations ;" but in our statute-book, a mortgage is considered as something distinct from an alienation ; *e. g.* in the statute regarding the execution, and recording of deeds. *Tit.* 162. *c.* 1. *s.* 5. 9. (ed. 1808.) If a mortgage were an alienation, a creditor of the mortgagee might take it by execution ; but it has recently been settled, that this cannot be done. *Huntington* v. *Smith,* ante, 235. So, it has been decided, that the widow of the mortgagor, is entitled to dower ; which she would not be, if the estate were *alienated,* by the mortgage. *Fish,* v. *Fish,* 1 *Conn. Rep.* 559. Thirdly, a mortgage is not within the *mischiefs* of the statute ; as it will never be resorted to, as a means of speculating in controverted titles. Fourthly, the general principle was established in *Gunn* v. *Scovil,* 4 *Day* 234. that the transfer of a mortgage interest, is not within the statute.

*Goddard* and *Brainard,* contra, contended, 1. That the language of the statute being imperative, any person coming within its provisions, is, of course, liable to pay one half of the value of the land ; and the disposition which may be made of

the money, does not affect the right of recovery. It would not defeat that right, if *no* treasury could take. But there is no solidity in the objection, that the *state* treasury cannot take. The revolution did not abrogate or repeal the statute ; and if it did, the statute has been since revised and confirmed. The words " treasury of this colony," must, then, have *some* meaning; and what other meaning can the court assign to them, than *treasury of this state?*

*Windham, July, 1822.*

*Leonard v. Bosworth.*

2. That a mortgage is an *alienation* within the statute. It transfers a right or title to lands, tenements or hereditaments, from one person to another. A mortgagee may bring eject-ment, and recover, as well as a vendee under an absolute deed. In whatever light a mortgage may be viewed in chan-cery, no one ever doubted that the *legal title* is transferred by it, to the mortgagee. A mortgage is, also, within all the *mis-chiefs* of the statute. Does the condition annexed to a mort-gage deed, preclude litigation? May not a mortgagor ousted of possession, sell a law-suit, as well as an absolute grantor ? The case of *Gunn* v. *Scovil* decided only, that a mortgagee, though not in possession, might reconvey his title to a *satisfied mortgage* ; which is no more than a court of chancery would *compel* him to do.

HOSMER, Ch. J. I shall limit my opinion to the motion in arrest of judgment, and to this precise question, Whether a mortgage deed, is an alienation of lands within the second section of the act for the prevention of maintenance. *Stat. p.* 446. (ed. 1808.)

By the law referred to, " all bargains, sales, leases, or alien-ations for years, life, lives, or forever, or for any other term or time whatsoever, of any lands, tenements or hereditaments within this colony, whereof the lessor, vendor, grantor, or the person that doth other ways execute any instrument in writing, for the transferring any right or title to any lands, tenements, or hereditaments to another person or persons, the present possessor thereof only excepted, is disseised, or ousted of the possession thereof, by the entry, possession or improvement of any other person, or persons, shall be null and void." And by the second section of the law, it is enacted, " That whosoever shall attempt, by any instrument in writing, under his hand, to *alienate* any of the claims or rights above descri-bed, or shall receive any conveyance thereof to him or them, shall forfeit one half of the value of the lands attempted to be

*Windham,*
*July,*
*1822.*

*Leonard*
*v.*
*Bosworth.*

alienated as aforesaid."—Is a mortgage an alienation of land? The cases cited by the defendant show, that it is not; and the point has frequently been decided in this court. In the case of *Huntington* v. *Smith*, at *Litchfield, June*, 1822, it was adjudged, that the fee simple of land mortgaged, remained in the mortgagor; and that the mortgagee, before entry and foreclosure, had, at most, a *chose in action*, or a right to the possession, in order to render the mortgage available to the payment of his debt. In the view which is now taken of this subject, a mortgage may be considered as a lien, by means of which the mortgagee may obtain possession, and, if his debt is not paid, appropriate the thing pledged in satisfaction; but it is no alienation "for years, life, lives or forever, or for any other term of time whatsoever."

The defendant in this case, is not within the letter or the construction of the statute, by reference to the words of it; and he must be embraced by one of them, to be made liable to a penalty, as a violator of the law. Penal laws must be construed strictly; and although mortgages are within the mischief, at which the statute before mentioned is aimed, they are not within the literal construction of the act. *Daggett* v. *State*, ante 60. and other cases at *New-Haven, June*, 1821.

The judgment must be arrested.

The other Judges were of the same opinion.

Judgment arrested.