### EMERSON *against* GOODWIN.

If a corporation cannot be punished for making a conveyance in contravention of the statute against selling pretended titles, by reason of a technical difficulty; yet an individual, who is not thus shielded, may be subjected to the forfeitures of the statute, for receiving from a corporation a conveyance prohibited by it.

A school society, owning a building, called the academy, voted, in 1824, that the controul of such building, should thenceforth be vested solely in the prudential committee, with power to lease it, at their discretion, to any person, for the purpose of keeping a school therein. Under an agreement between this committee and *A.*, by which he was to have the use of

the building for five years, at a certain rent, he entered into possession. In *March* 1830, the committee, by authority of the same vote, executed a lease of the building to *A.*, for the term of five years from that time. In *September* 1831, *A.* being still in possession, another committee, appointed by a vote of the society in *September* 1830, executed a lease of the building to *B.*, for the term of four years, which lease *B.* accepted and procured to be recorded. In an action brought by *A.* against *B.* on the statute against selling pretended titles, it was held, 1. that the first committee had authority, under the vote of 1824, to make the lease of *March* 1830, and consequently, that *A.* was rightfully in possession under such lease ; but 2. that as *A.* was tenant of the society, claiming under it, the society was not ousted of the possession ; and consequently, *B.*, by accepting the lease to him, had not incurred the forfeitures of the statute.

*Hartford, June, 1833.*

Emerson
*v.*
Goodwin,

THIS was an action on the statute against selling pretended titles, (*tit.* 56. *c.* 1. *s.* 12. *p.* 303.) to recover the forfeiture given by that statute, for a violation thereof by the defendant. The plaintiff declared, that while he was in possession of, and holding adversely to all other persons, a certain tenement in *Wethersfield,* called the academy, certain persons, as a committee of the first school society in that town, leased the premises to the defendant and others, in consideration of forty dollars, for four years from the 15th of *September* 1831; which was well known to the defendant.

The cause was tried, on the general issue, at *Hartford, February* term, 1833, before *Bissell,* J.

On the 22nd of *June* 1824, the school society voted, that the controul of the academy in future be vested in the prudential committee ; and on the 20th of *September* following, they also voted, that a committee, consisting of three persons, be appointed, with power to lease or rent the academy, at their discretion, to any person who may make application for the same, for the purpose of keeping a school therein ; not to interfere with any former appropriation of the upper room for public meetings; and *Selden Miner, Richard Robbins* and *Jesse Goodrich* were appointed the committee. On the 20th of *September* 1830, the society voted, that the controul of the academy in future be vested solely in the prudential committee, to lease or dispose of, as they may think proper, for four years, not to interfere with the use of the upper room for public meetings ; and *Stephen Willard* and others were appointed the committee. In *September* 1831, the last-mentioned committee executed the lease complained of, as alleged in the declaration.

The plaintiff offered evidence to shew, that on the 17th of *September* 1831, the defendant accepted this lease from the committee and procured it to be recorded; and that the plaintiff was then in possession, having entered under an agreement with the first committee, by which he was to hold the premises for five years, at an annual rent of 25 dollars; which committee acted under the vote of *September* 20th, 1824, and under no other authority. Whether this lease was in writing, did not appear; but on the 11th of *March*, 1830, that committee executed and delivered to the plaintiff a lease of the premises for five years from the 1st of *May* 1830, which was duly acknowledged and recorded; and under this lease, the plaintiff entered as tenant of the society, claiming a right to hold possession according to the terms of the lease; and this was known to the defendant, when he accepted the lease to him and others.

The plaintiff kept a school in the academy, from 1825 to the 17th of *November* 1831, within a quarter of a mile of the defendant's residence, the defendant being a member of the school society.

The defendant claimed, that the plaintiff was in possession, under a demise for five years from *Miner* and his associates, under the vote of 1824, as the tenant of the society, and so continued, by sufferance, after the expiration of the five years, until the defendant accepted the lease of 1831; that the society was in possession, by its tenant so holding over, and was not ousted by the possession of the plaintiff; that the plaintiff, therefore, could not accept or set up any lease or conveyance, except from the society; that the lease of the 11th of *March* 1830, was not the lease of the society, nor authorized by the vote of 1824; that if otherwise, still the society was not ousted of possession; that the defendant had no knowledge of the last-mentioned lease; and that the lessor being a corporation, the lease complained of was not within the statute. (*a*)

The judge charged the jury, that if the plaintiff was in possession under the lease of the 11th of *March* 1830, claiming an exclusive right to possess, and denying the right of the so-

---

(*a*) There was also a claim of variance between the proof and the declaration; but as the decision is founded wholly upon other points, the statement regarding this, is omitted.

ciety to enter, there was a sufficient ouster within the meaning of the statute; and it was of no consequence whether such a claim was well or ill founded; and if the defendant had actual notice of such claim and possession, when he received his lease, their verdict must be for the plaintiff.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial, for a misdirection.

*N. Smith* and *Toucey,* in support of the motion, contended, after remarking that the plaintiff claims and is admitted to have been the tenant of the society, 1. That a landlord, within the principles of strict construction applicable to this penal statute, is not necessarily to be considered as *disseised* or *ousted,* by the possession of his own tenant. This cannot be, because, in the first place, the statute extends to " *pretenced titles*" only, being in affirmance of the common law; (*Williams* v. *Jackson,* 5 *Johns. Rep.* 498.) and the possession is in privity with the title, and therefore, could not, by continuance, ripen into a good adversary title. 1 *Sw. Dig.* 121. 162. Secondly, the possession of the tenant is the possession of the landlord, and entirely consistent with his title, whatever it may be; otherwise the landlord could not be called on to defend it, nor could he maintain debt for rent. *Bryan* v. *Atwater,* 5 *Day* 187, 8. *French* v. *Pearce,* 8 *Conn. Rep.* 442, 3. And the possession of the tenant, by continuance, creates no title in him, but a perfect title in the landlord. Thirdly, a reversioner may convey—*i. e.* a landlord may alien his land in the occupation of his tenant, by a deed of quit-claim, or other deed of conveyance; and therefore, he is not within the statute; for one cannot be disseised and not disseised, ousted and not ousted, at the same moment of time. Fourthly, the case presents an instance of *concurrent leases,* which a landlord may grant, though the second lease be granted while the first lessee is in possession under an unexpired lease. *Bac. Abr. tit.* Leases. N. and authorities cited *ibid.* So in cases of leases under powers. 4 *Cruise's Dig.* 216. *Berry* v. *Rich,* cited *Hardr.* 412. *Read* v. *Nash,* 1 *Leon.* 147. *Goodtitle* v. *Funucan, Doug.* 565. *Co. Litt.* 46. *b.* 270. *b.* Fifthly, this case is analogous to that of mortgagor and mortgagee, trustee and *cestui que trust. Washburn* v. *Sanford,* 2 *Root,* 505. *Jackson* d. *Dox* v. *Jackson,* 5 *Cowen* 173.

2. That the plaintiff was only tenant by sufferance, holding over, and cannot set up the second lease, which was not the act of the society, the powers of the committee having been exhausted.

3. That a corporation is not within the statute. The conveyance prohibited is one made by " a person" and " under his hand."—It is not sufficicent that the act complained of be within the mischief which the legislature intended to prevent or redress, if it be not within the *words used. Daggett* v. *The State,* 4 *Conn. Rep.* 60. *Gunn* v. *Scovill,* 4 *Day* 234. *Leonard* v. *Bosworth,* 4 *Conn. Rep.* 421. If the statute does not extend to the " instrument in writing" of a corporation, then it does not extend to the person " who shall receive such conveyance."

*Hungerford* and *T. C. Perkins,* contra, contended, 1. That there is no foundation for the objection that a corporation is not within the statute. In the first place, a corporation is " a person," capable of doing the act prohibited. *The People* v. *The Utica Insurance Company,* 15 *Johns. Rep.* 358. 1 *Sw. Dig.* 69. Secondly, the statute prohibits the *receiving,* as well as the *making* of the conveyance in question ; and if it does not reach a corporation, it does reach the defendant.

2. That where a lease is executed and there is a tenant in possession claiming to hold under it, if the landlord executes another lease for the same term, the parties to the last lease are within the statute.

3. That the objection to the plaintiff's right of recovery, because he was tenant by sufferance and took a lease from one not his landlord, is without foundation. In the first place, he was not tenant by sufferance ; because having held over without objection, he was tenant from year to year. 1 *Sw. Dig.* 90. *Bacon* v. *Brown,* 9 *Conn. Rep.* 334. Secondly, the lease purported to be the lease of the society ; in form, it was like the defendant's ; and it was authorized by the vote of the society. But thirdly, a *valid title* in the plaintiff is not necessary : the statute does not regard *validity of title. Tomb,* q. t. v. *Sherwood,* 13 *Johns. Rep.* 289. 291.

4. That the objection that there was no ouster, because both leases were executed by one landlord, and a landlord cannot be ousted, is groundless. No actual violence is ne-

cessary to constitute an ouster: possession and an adverse claim are sufficient. *Mitchell* v. *Warner*, 5 *Conn. Rep.* 521.

All that is required by the statute, is, that the instrument should be executed by one out of possession, another being in, claiming adversely. Tenant for years may oust, or be ousted, as well as the claimant of any other interest.

But the principal stress of the objection is on this—that a *landlord* cannot be ousted by his *tenant.* Why not? Such a case is as much within the *mischief* of the statute as any other. It is also within the *letter*, unless it be assumed as an invariable principle, that a landlord cannot be ousted by his tenant—which is a palpable *petitio principii.* During the term of the lease, the landlord in this case was ousted, as much as any other person would be, for all the purposes of the statute.

WILLIAMS, J. One objection to this suit, is, that the lease is taken from a corporation; and corporations are not within the statute.

That a corporation is in law, " a person," there is no doubt; and that their conveyance may be as much within the mischiefs intended to be guarded against, is equally clear. If there is any difficulty, therefore, in punishing a corporation for the offence prohibited in this statute, it is of a character entirely technical, and cannot apply to the persons who have received a lease from such corporation. The statute no doubt was intended to operate upon both seller and purchaser; but if a technical difficulty exists in the one case, which must defeat that intention, there is no reason why we should give it such a construction as would prevent its operation where no such technical difficulty does exist. If therefore, a corporation could not be punished for selling, because it is a corporation, this is no reason why an individual who receives such conveyance, should not be punished, being both within the letter and the intent of the statute. This objection, therefore, was rightly overruled.

Again, it is claimed, that the committee appointed in 1824, after they had once leased this building, had no further power; and therefore, the lease of *March* 1830 being void, the plaintiff was in, as tenant by sufferance, under the society.

The vote is general, appointing a committee to lease the

academy, at their discretion, for certain purposes, and with a particular exception. Here the building is to be at their controul, to lease at their discretion, to any person who may apply. The language is very general : the authority is very broad. This committee might, certainly, originally have leased for ten years ; and I see not why they may not make a lease for that time, by two distinct instruments and at two different times, as well as by one instrument. I think, therefore, the plaintiff was rightfully in possession under this lease, as a lessee of the first school society.

This brings us to another objection : that as the plaintiff was tenant of the society, claiming under them, they were never ousted of the possession ; in support of which, cases of leases of ecclesiastical persons in *England,* have been cited. These cases, however, do not seem to me to have been decided with reference to this statute, but rather under what are called the *enabling* and *restraining* statutes of *Hen.* VIII. and *Eliz.*

Other principles, however, have been alluded to, which, I annot but think, are decisive of this case.

Our statute is highly penal, making void conveyances and imposing forfeitures upon him who buys and upon him who sells land, when ousted of the possession. And it was very early held, in the construction of the *English* statute, that though the words might be construed beneficially, according to the *intent ;* yet that things which do not come within the *words,* should not be extended by equity. 1 *Plowd. Com.* 86. That principle is recognized, by this Court, in *Leonard* v. *Bosworth,* 4 *Conn. Rep.* 421. 423, 4. To determine, then, whether the lessee is liable, we must enquire whether the lessor was ousted of the possession. That the plaintiff was in possession, claiming a right of possession, when the defendant received his lease, cannot be denied. But the question recurs, was the society ousted ?

The *English* statute of 32 *Hen.* VIII. avoids such deeds &c. unless the grantor, his ancestor &c. were in possession thereof, or of the reversion or remainder, or had taken the rents and profits for one year before. Under this statute it would seem, that he who had the reversion or remainder, had the same right to sell, as he who had the possession. 1 *Plowd. Com.* 89. And it is said, that he in remainder may get the

pretended right of any stranger, not only for that the particular estate and remainder are all one, but for that it is a means to extinguish the seeds of trouble and suits. *Co. Litt.* 369. If then, the reversioner may purchase not being in possession, and of one not in possession, as seems to be implied, I see not why he may not sell; because as is said about the particular estate and remainder, *they are all one.*

The phraseology of our statute varies from that of the *English* statute ; but I think it apparent, that its provisions are substantially the same. It uses the term *disseised* or *ousted* of the possession. An ouster is a technical term, and means a wrong or injury that carries with it the amotion of possession. 3 *Bla. Com.* 167. And a disseisin ever implies a wrong. *Co. Litt.* 153.

Has the plaintiff done this society any wrong or injury ? Has he *disseised* or *ousted* them of the possession ? Could they maintain an action of ejectment against him ? If, as the plaintiff claims, he entered and continued in possession under a lease from the society, he has done them no injury or wrong ; he has not disseised or ousted them : they can maintain no action against him for his acts. He is their tenant ; and the possession of the tenant, is the possession of his landlord. The possession of the mortgagor is the possession of the mortgagee. In short, the possession of any one who properly holds under the legal proprietor, is the possession of such proprietor. *Bryan* v. *Atwater,* 5 *Day* 181. 188. *Willison* v. *Watkins,* 1 *Pet. U. S. Rep.* 43. 49. If it be with the consent, express or implied, of the legal owner, it is in law his possession, and is not adverse ; and it can never be adverse, when it can be considered as the constructive possession of the real owner. That the possession of the plaintiff could not have made void a conveyance of the fee by the society, has not been claimed. But if the plaintiff was in, and had ousted or disseised the society, every conveyance they could make, would be void.

It is said in this case, that the lease to the defendant, is a lease intended to operate during the existence of the former lease, and is inconsistent with the rights of the plaintiff ; and that it is within all the mischiefs of the statute,—intending to vest a third person with the rights of the society to try the validity of the plaintiff's lease. If such was the intent of the lease to the defendant, I am not prepared to say, that it is

*Hartford,*
June, 1833.

Emerson
*v.*
Goodwin.

not within the spirit of the act.    But, as this is a penal stat-
ute, I do not feel authorized to extend it to cases not fairly
included within it, though I may suppose they ought to have
been.

. If then, the plaintiff entered into possession, as tenant of
the society, if he has ever since held as their tenant, and now
claims as such, I cannot call his possession adverse, nor say
that he has ousted or disseised the society.    On the contrary,
I feel bound to consider his entry as their entry, and his pos-
session as their possession ; and of course, I cannot concur in
that part of the charge, in which it is said, that if the plaintiff
entered under the lease of *March* 1830, claiming the exclu-
sive right to possess, and denying the right of the society to
enter, this was a sufficient ouster.    On this ground, I must
advise a new trial.

The other Judges were of the same opinion.

New trial to be granted.