## LATHROP *against* ATWOOD and another.

21 117
71 170

On the dissolution of the partnership of *A & B*, in *June*, which was then insolvent, *A* and *C*, with whom *A* formed a new partnership, contracted with *B* to pay all the debts due from the late firm of *A & B*, amounting to 1,735 dollars, and also to save *B* harmless from any cost, trouble or liability on account of such debts. These debts were all then due to the respective creditors of *A & B*; and *A* and *C* proceeded to pay them; but on the 24th of *October* following, there remained of such debts 635 dollars unpaid. *B*, not having paid any part thereof, nor been subjected to any trouble on account of them, brought his action against *A* and *C* for a breach of the contract. Held, 1. that though where the contract is one of indemnity merely, no action thereon will lie, for the liability or exposure to loss, until actual damage capable of appreciation, has been sustained by the plaintiff; yet where the contract is, to perform some act for the plaintiff's benefit, as well as to indemnify and save him harmless from the consequences of non-performance, the neglect to perform the act, being a breach of contract, will give an immediate right of action; consequently, in this case, the action brought by *B* was sustainable; 2. that it was the duty of *A* and *C*, under the contract, to pay the debts of *A & B according*

*to their tenor,* which, as they were all then due, was *immediately* ; 3. that if otherwise, they should be paid in *a reasonable time,* which had then elapsed; 4. that the rule of damages was, the amount of debts unpaid at the commencement of the action, with interest. [ One judge dissenting.]

THIS was an action of *assumpsit* on a written contract. The parties agreed upon a statement of facts, which was as follows.

On the 21st of *June,* 1848, *George Lathrop,* the plaintiff, sold out his interest in the property of the firm of *Atwood & Lathrop ;* which firm was, that day, dissolved, and *Levi Crouch,* jun., one of the defendants, took his place, and formed, with *Atwood,* a new partnership, under the name of *Atwood & Crouch,* for carrying on the spectacle trade.

At the time of this change in the partnership, the old firm of *Atwood & Lathrop* was insolvent ; the debts outstanding, against it, being 1,735 dollars, and the entire value of the partnership effects being 1,300 dollars. *Crouch* put in 350 dollars ; and this, with the company property transferred to the new firm, was all that the new firm was worth. At the time of said change in the partnership, the plaintiff and defendants entered into the following contract in writing, *viz.*

" Know all men by these presents, that we, *Edward W. Atwood* and *Levi Crouch,* jun., for the consideration of a valuable sum received by us, to our full satisfaction, of *George Lathrop,* do hereby contract, promise and agree with said *Lathrop,* to make and deliver to him, at our shop in *Woodbury,* two hundred and twenty-five dozen of *German* silver spectacles, of good materials and workmanship, (one pair only in each dozen to be plain glass,) to be put up in gilt boxes, and labelled, and to be furnished and delivered to said *Lathrop,* in the following times, at our shop, *viz.* fifty dozen within the first week of *July* next ; fifty dozen within the first week of *August* next ; fifty dozen within the first week of *September* next ; and seventy-five dozen within the first week of *October* next.

"And it is a further consideration to this contract, that we, the said *Atwood & Crouch,* hereby agree to take all the books and accounts of the late firm of *Atwood & Lathrop,* both debts and credits ; we to have all credits due to said firm, so far as we can collect the same, and to pay all debts

from said firm ; and to save said *Lathrop* harmless from any cost, trouble or liability, on account of the same."

After the date of this agreement, and previous to the 24th of *October* 1848, the defendants had delivered all the spectacles mentioned in the agreement, but sixty-two dozens, and had taken up and liquidated 1,100 dollars of the debts out-standing against the firm of *Atwood & Lathrop*, in pursuance of their agreement, leaving debts against the firm of *Atwood & Lathrop*, at that date, to the amount of 635 dollars. And the defendants had so far fulfilled the contract on their part, that to the 24th day of *October*, said *Lathrop* had not paid any of the debts of the firm of *Atwood & Lathrop*, nor had been called upon, by any creditor, in any instance, to do the same, nor been put to any trouble.

On the 24th day of *October*, 1848, *Lathrop* prayed out a writ of attachment in *assumpsit* on the foregoing agreement, for the remainder of the spectacles due, and for an alleged breach of the contract, in not having, previous to said date, paid all the debts against the firm of *Atwood & Lathrop* mentioned in said contract, and attached all the property of *Atwood & Crouch*, the defendants ; upon which suit, now pending, this agreement of facts was made.

Immediately after the attaching of all *Atwood & Crouch's* property, and in consequence thereof, several of the creditors of the firm of *Atwood & Lathrop* commenced suits against that firm, attaching said *Lathrop's* property ; and he has actually paid, since such suit, the sum of 200 dollars. He is still under attachment for 235 dollars, and is liable, as a member of said firm, for 200 dollars more.

At the *August* term of the superior court, 1849, the defendants filed their offer to the plaintiff to take judgment for full damages for not delivering said sixty-two dozens of spectacles, according to the agreement ; and the question now remains, whether there was a breach of the contract, in not having paid all the debts of the firm of *Atwood & Lathrop*, previous to this suit. Said debts were debts on book, in the ordinary transaction of business, in different amounts, to forty-two different persons ; all of which were due, and some were over-due, at the time of making the contract.

The questions arising in the case were reserved for the advice of this court.

*Litchfield,*
June, 1851.

Lathrop
*v.*
Atwood.

*C. B. Phelps*, for the plaintiff, remarked, *in limine*, that the question raised in this case is one of *construction* of the contract of the parties, which embraces two distinct stipulations; 1. to pay all the debts from the firm; 2. to save *Lathrop* harmless from any cost or liability, on account of the same.

He then contended, 1. That an agreement to pay a debt of another, is not *an indemnity*, and an action accrues immediately on non-payment. *Crofut* v. *Moor*, 4 *Verm. R.* 309. Where the obligor was to pay the debt and discharge the obligee, upon the debt's coming due, and no payment is made, or discharge given; this is a breach. *St. Albans* v. *Curtis*, 1 *Chip.* 164. 168. An agreement to indemnify one against a demand, is of the same legal import as an agreement to indemnify against his *liability* for the demand. *Churchill* v. *Hunt*, 3 *Denio*, 321.

In the absence of any stipulated time for performance, a promise to pay the partnership debts, is *a promise to pay them according to their tenor.* The debts alleged to be unpaid, were on demand and overdue. But if a reasonable time is to be given, it had, in this case, elapsed. The contract is dated *June* 21st; the suit was commenced *October* 24th; when no payments had been made. The whole stock could have been worked and sent to market. The *bankruptcy* of the obligor does not extend the time of performance of his obligations.

2. That if the plaintiff's claim is a general indemnity, he is still entitled to recover. The obligee may sue thereon, as soon as the condition is broken, and is not bound to wait until he is compelled to fulfil the obligations he has incurred. *Rockfeller* v. *Donnelly*, 8 *Cowen*, 639. In re *Negus*, 7 *Wend.* 499. *Chace*, admr. v. *Hinman*, 8 *Wend.* 452. *Kip* v. *Brigham*, 6 *Johns. R.* 158. There was a breach on the 24th of *October*. The defendants have not saved us from our *liability*.

But it is said, there is no *damnification*. There is a technical breach; and the payment by *Lathrop* of a debt of the firm, made after suit, may be given in evidence to enhance damages. The estate of *A* is attached; *B* signs with *A* a receipt to the sheriff, promising to redeliver the property and indemnify the sheriff. The sheriff sues *B*, on the receipt; can he answer, " you have paid no money in this matter, and you are not damnified ?"

*Litchfield,*
June, 1851.

Lathrop
*v.*
Atwood.

*Cothren,* for the defendants, contended, 1. That the agreement in question is a simple contract to indemnify and save the plaintiff harmless from an existing liability against himself ; and the manifest *intention* of the parties must govern, which intention is to be found in the facts agreed. *Gunnison* v. *Bancroft,* 11 *Verm. R.* 490. 493. The situation of the parties, the object had in view, and the subject matter, are all to be considered, in determining the meaning of the contract. *Wilson* v. *Troup,* 2 *Cowen,* 195. *Sumner* v. *Williams,* 8 *Mass. R.* 214. *Fowle* v. *Bigelow,* 10 *Mass. R.* 379. *Hopkins* v. *Young,* 11 *Mass. R.* 302. *Howland* v. *Leach,* 10 *Pick.* 154. *Hollingsworth* v. *Fry,* 4 *Dall.* 345. 1 *Sw. Dig.* 182. 226. The construction of a contract must be reasonable and favourable, such as shall not be absurd, or render it inconvenient and nugatory. 1 *Sw. Dig.* 221. 222. 230. What then was the situation and intention of the parties ? The plaintiff was in company with one of the defendants. The company *was insolvent ;* and the other defendant comes in, takes his place, and the new firm then agrees to take the books and effects ; collect, as far as they can ; pay the debts, as soon as they reasonably can ; and at all events, save the plaintiff from paying any of them, and from any cost or trouble in regard to them. It would be utter folly to contend, that the parties intended, that this *bankrupt concern* should pay, on the spot, the amount of the debts stated : and therefore we claim,

2. That the defendants were to have a *reasonable time* to collect credits, and pay the debts in question. The debts were all due, or overdue ; but *Lathrop* did not expect, whether he remained in, or went out of, the company, that they would be paid *that day.* He knew there were no funds. If they had intended *immediate* payment, they would have said so in the contract. The question of *reasonable time,* when the contract is silent on the subject, is a question of law, and to be determined by a view of all the circumstances of the case. *Chitt. Cont.* 110. and note—730. and note.

3. That the undertaking by this agreement, was not to indemnify against a *mere liability, Lathrop* being liable already ; but an actual *damnification* upon the debts agreed to be paid ; and the plaintiff should have waited a reasonable time, and until damage was sustained, before he brought a

*Litchfield,*
*June, 1851.*

Lathrop
*v.*
Atwood.

suit on the contract. *Lathrop* incurred no new liability, by the agreement; and consequently, could not be damnified till he was obliged to pay the debts, or was put to some expense or trouble.

But if it were granted, that the plaintiff incurred a new liability by the agreement, it furnished no cause of action, till he had, in some way, been actually damnified; because it did not appear, at the commencement of this action, but that the defendants, who had, in a short time, paid three-fourths of the debts, would pay the remainder, and save the plaintiff harmless. *Hart* v. *Bull, Kirby*, 396. *Filly* v. *Brace*, 1 *Root*, 508. 509. *Booth* v. *Starr*, 1 *Conn. R.* 249 to 252. 1 *Sw. Dig.* 412. 413. *Hotchkiss* v. *Downs*, 2 *Conn. R.* 136. 138. A surety, even in a bond of *future liability*, has no right of action against his principal, merely because the debt is not paid, as soon as it is due; nor until he has either paid it, or procured the discharge of the principal, by assuming the payment himself. *Ingalls* v. *Dennett*, 6 *Greenl.* 79. *Hunt* v. *Amidon*, 1 *Hill*, 147. *Webb* v. *Pond*, 19 *Wend.* 423.

4. That whatever the doctrine may be in other states, it is certainly well settled in *Connecticut*, that the "*mere liability* to pay money for another, he continuing liable to pay the money himself, can never be the cause of action, on the contract of indemnity. 1 *Conn. R.* 249. In a bond with a day stated, the condition is, that the surety shall *never be liable*, and when a liability arises, the condition is broken— a case far different from a contract to save harmless from an existing liability. 1 *Conn. R.* 251. The contract of indemnity and saving harmless, is not that the plaintiff shall never be liable. "The existence of the *liability* is the *ground* of the contract; and the object of it is, to reimburse to the plaintiff any damage he may suffer, by reason of it. The liability against the consequences of which, the contract is to indemnify, cannot be a breach of the contract itself. There must be actual damage arising from it, to constitute a breach according to the terms of it. If *liability*, without *damage*, be a cause of action, then the contract is broken the moment it is made; and the defendant may be sued. The law will not countenance such absurdity and injustice." 1 *Conn. R.* 251. 252. In all cases of contract to indemnify and

save harmless, the defendant may plead *non damnificatus*; and the plaintiff must reply, and show *damage*, not *liability*, to entitle him to recover. 1 *Conn. R.* 252.

*Litchfield,*
*June, 1851.*

*Lathrop*
*v.*
*Atwood.*

5. That in this case, the plaintiff has not been damnified, and there was no breach on the 24th of *October.* In the short space of four months, this bankrupt company had paid three-fourths of the debts ; and *Lathrop* had no cost, or trouble, till he made some for himself, by sueing.

In the case referred to of an officer's receipt, the condition is to redeliver, or forfeit a certain sum ; and there is a breach of contract, when there is a *refusal to redeliver.*

CHURCH, Ch. J.   The agreement upon which this action is founded, so far as it is necessary for us to consider it, is one whereby the defendants contracted with the plaintiff *to pay all the debts* due from the late firm of *Atwood & Lathrop,* which consists of the plaintiff and one of the defendants, and also to save the said *Lathrop* harmless from any cost, trouble or liability, on account of said debts.

These debts were all then due to the respective creditors of *Atwood & Lathrop,* and the defendants proceeded to pay the same ; but on the 24th day of *October,* when this suit was brought, there remained due and unpaid the sum of 635 dollars.   This was four months after the defendants had assumed the payment ; but the plaintiff had not been compelled to pay, nor had he paid, any of these claims, nor had he been subjected to any cost on account of them, at that time.   And the questions now put to us, are, whether the defendants are liable, in this action, for the non-payment of the balance of the debts unpaid ?   The cases in which this question is discussed, are not free from some confusion ; and yet the principles deducible from them, or explicitly decided by them, are clear enough.   The confusion seems to have arisen from the want of a clear discrimination between mere contracts of indemnity, and contracts for the performance of some act in which the plaintiff has an interest, from which indemnity, either expressly or by implication, is to result.

We think an examination of the cases will show these reasonable doctrines ; that, if a condition, covenant or promise be only to indemnify and save harmless a party from

some consequence, no action can be sustained for the liability or exposure to loss, nor until actual damage, capable of appreciation and estimate, has been sustained, by the plaintiff. But if the covenant or promise be, to perform some act for the plaintiff's benefit, as well as to indemnify and save him harmless from the consequences of non-performance, the neglect to perform the act, being a breach of contract, will give an immediate right of action.

In this case, it will be remembered, that the plaintiff was one of the copartners of the former firm of *Atwood & Lathrop*, and had an immediate interest in the payment of the debts due from them; and that the defendants, for a valuable consideration, *expressly promised* to pay them, and also to save harmless and indemnify the plaintiff against them.

In the case of *Cutler* v. *Southern,* 1 *Saund.* 116. it was decided, that, when a condition was to discharge or acquit the plaintiff from a bond or other particular thing, *non damnificatus* was not a good plea, but the defendant should set forth affirmatively the special matter of performance; but if the condition be to acquit from damage merely, such plea is good. The doctrine is sustained, more or less clearly, in the following cases. *Toussaint* v. *Martinant,* 2 *Term R.* 100. *Martin* v. *Court, Id.* 640. *Farquar* v. *Morris,* 7 *Term R.* 124. *Hodgson* v. *Bell,* 7 *Term R.* 97. *Holmes* v. *Rhodes,* 1 *Bos. & Pull.* 638. *Norwich* v. *Bradshaw, Cro. Eliz.* 53. *Abbots* v. *Johnson,* 3 *Bulst.* 233.

The case of *Port* v. *Jackson,* 17 *Johns. R.* 239. 479. is very similar to the present, and the principle involved, well considered. It is there said: " The covenant is not, that the defendant shall indemnify the plaintiff against his own covenant, or against any damage he may sustain; but it is express and positive, that the defendant will pay the rent for which the plaintiff continued to be liable. The sum to be paid is certain and liquidated, and the breach of the covenant consists in not paying it. A plea of *non damnificatus* would be no answer to the declaration. And the very reason for inserting this covenant, was, to guard against the necessity of the plaintiff's paying the rent." In that case, there was no express covenant to indemnify and save harmless, as here; but the obligation to save harmless was necessarily implied.

Ex parte *Negus*, 7 *Wend.* 499. furnishes another clear exposition of the doctrine we advance. In that case, the court says : "Whether an action lies or not, depends upon the true intent and meaning of the covenant ; if it is simply to indemnify, and nothing more, then damage must be shewn before the plaintiff can recover ; but if there is an affirmative covenant to do a certain act, or pay certain sums of money, then it is no defence, in such an action, to say, that the plaintiff has not been damnified. Here, *Negus* assumes the debts of the copartnership ; he makes them his own individual debts ; he is the person to pay, &c. Where indemnity alone is expressed, it has always been held, that damage must be sustained before a recovery can be had ; but where there is a positive agreement to do the act which is to prevent damage to the plaintiff ; then action lies, if the defendant neglects or refuses to do such act." *Chace* v. *Hinman*, 8 *Wend.* 452.

On the same principle it is, that a sheriff may recover on a bond for the jail limits, in which the condition is, that the party imprisoned shall remain a true and lawful prisoner, as well as to indemnify the sheriff for a breach of this condition. And in conformity with it, recoveries are had every day, in our courts, by officers against receipts-men, who promise to redeliver property levied on and to save harmless, &c. *Blaisdale* v. *Babcock*, 1 *Johns. R.* 518. *Kipp* v. *Brigham*, 6 *Id.* 158. *Hamilton* v. *Cutts* & al. exrs., 4 *Mass. R.* 349. *Booth* v. *Starr* & al. 1 *Conn. R.* 244. *Bender* v. *Fromberger*, 4 *Dall.* 436.

In the case of *Thomas* v. *Allen*, 1 *Hill*, 145. the court remarks : "The case then comes to this ; the defendant agrees, that he will pay a sum of money when it becomes due, for which the plaintiff is bound to some third person, and that he will save the plaintiff harmless. This is more than a bond of indemnity, and the breach is well assigned, by showing that the debt to *Johnson* was not paid at the day."

*Aberdeen* v. *Blackman*, 1 *Hill*, 324. is a case of indemnity merely, and in which the defendant made no other promise, and the plaintiff had paid nothing, nor been put to expense ; and the court, recognizing the principles of the case cited, held, that the action could not be sustained. It was like a

Lathrop
*v.*
Atwood.

promise to indemnify a surety, indorser, &c.    *Griffith* v.
*Hanison,* 1 *Salk.* 197.

The doctrine of the case of *Booth* v. *Starr,* in this court,
1 *Conn. R.* 244. fully sustains our views, and would be suffi-
cient authority alone for our present decision.    Other cases
also sustain us. *Gilbert* v. *Wiman,* 1 *Comstock,* 550.    *Barry*
v. *Mandell,* 10 *Johns. R.* 563.    *Kipp* v. *Brigham, Id.* 563.
*Churchill* v. *Hart,* 3 *Denio,* 321.    *Crofut* v. *Moore,* 4 *Verm.
R.* 204. ——— v. *Richardson,* 10 *Mees.* v. *Wels.* 284.
*Ward* v. *Henry,* 5 *Conn. R.* 595.    *Hotchkiss* v. *Downs,* 2
*Conn. R.* 136.    1 *Sw. Dig.* 411.    *Crippen* v. *Thompson,* 6
*Barb.* 282.

But, by the contract now in question, no time was defi-
nitely fixed, within which, the defendants should pay these
debts.    We think the duty of the defendants was, to pay
them according to their tenor; and as they were all then
due, they should have been paid immediately.    The plaintiff
was every moment subject to suits, and the defendants to
insolvency, and they assumed the risk, and substituted them-
selves as the debtors; and we do not see how they can say
to the plaintiff, any more than to the creditors themselves,
" we must have further time for payment."    At any rate, a
reasonable time was all they could ask, and all the law could
give.    The creditors of *Atwood & Lathrop* resided within
the reach of one or two days.    The amount of their respec-
tive claims was known to the defendants, from the beginning,
and they had actually paid upon them about 75 *per cent.*
Surely, four months was a very liberal and extended time
for the payment of these debts.    A reasonable time had
elapsed, before the institution of this suit.

Notwithstanding all, the defendants insist, that although
they have violated their engagement, and have thus given
to the plaintiff a right of action against them, they are liable
only for nominal damages, because the plaintiff has neither
paid any of these debts before suit, nor been subjected to
actual loss or damage, by reason of the defendants' neglect;
and the defendants, or *Lathrop,* one of them, remains still
liable, and may be subjected at the suit of the creditors to
the payment of the claims, and thus subjected twice.    All
this may be; but by whose fault?    Not the plaintiff's.    The
very reason why the plaintiff required, and the defendants

agreed to pay these debts, was, to exonerate and relieve the plaintiff from any preparation or pains-taking for the payment of them. The defendants received, and have put into their pockets, the means of paying; and holding on to these, they now say, we will neither pay to the creditors, nor to the plaintiff! A judgment for nominal damages would give the sanction of the law to this unjustifiable claim. The cases we have referred to, as sustaining this action, all, impliedly at least, oppose this claim of the defendants, and several of them very explicitly. *Port* v. *Jackson*, 11 *Johns. R.* 239. Ex parte *Negus*, 7 *Wend.* 499. *Crofut* v. *Moore*, 4 *Verm. R.* 204. *Atkinson's* ex'rs. v. *Coatsworth*, 8 *Mod.* 33.

Upon the facts agreed and submitted to us, in this case, we shall advise the superior court, that the plaintiff is entitled to a judgment for the amount of the balance of the debts due from the firm of *Lathrop & Atwood*, when this suit was commenced, and the interest thereon.

WAITE, J.   This action is founded upon a contract made by the defendants, by which they, among other matters, agreed to pay all the debts of the firm of *Atwood & Lathrop*, and save the plaintiff harmless from all liability on account of the same. That firm was composed of the plaintiff and *Atwood*, one of the defendants, but *Crouch*, the other defendant, was not a member.

It is admitted, that for other reasons, there has been a breach of the contract; and the only question submitted to us, is, to what extent the defendants are liable in the present suit, by reason of their omission to pay the debts according to their contract. At the time the action was commenced, the defendants had paid the greater part of them, but the plaintiff had neither paid, nor been called upon to pay, any portion. Since that time, he has paid about two hundred dollars, and there remains about four hundred dollars of those debts still unpaid.

The court is of opinion, that the plaintiff is entitled to recover, not only the amount which he has paid, but also the balance still remaining unpaid. In this opinion, I should, without hesitation, concur, had the contract been made by *Crouch* alone, who is no otherwise liable for these debts, than by virtue of his contract. Having bound himself to

*Litchfield,*
June, 1851.

Lathrop
*v.*
Atwood.

pay the debts, it would be immaterial to him, whether he paid them to the plaintiff, or the creditors.   *Carr,* admr. v. *Roberts,* 5 *Bar. & Adol.* 78. ( 27 *E. C. L.* 39.)

Not so with *Atwood,* the other defendant.   He is one of the original debtors; and the creditors have a right to look to him, as well as the plaintiff, for the payment of their debts; and their rights remain unaffected, by any arrangement between them, or any payment made to the plaintiff.

Suppose the contract had been made with *Atwood* alone, by which he agreed to pay their joint debts, and save the plaintiff harmless.   Such an agreement would have no effect upon their joint liability to their creditors; but, as between themselves, would change their relation from that of joint debtors to that of principal and surety.

Now, a surety, on account of his mere liability as such, can never recover of his principal, damages beyond the amount sustained by him.   It was indeed once holden otherwise, by the supreme court of errors in this state.   *Filley* v. *Brace,* 1 *Root,* 507.   But that decision was afterwards, upon mature deliberation, overruled.   *Booth* v. *Starr,* 1 *Conn. R.* 244.   1 *Sw. Dig.* 413.   In the latter case, the court said, "it would seem to be a clear dictate of reason, that the mere liability to pay money for another, he continuing liable to pay the money himself, can never be a cause of action on the contract of indemnity; for it is uncertain, whether the surety will ever be compelled to pay, and the principal may pay himself.   Such uncertainty can be no ground of action."

The same principle was again recognised in a subsequent case, in which the court say, "the mere liability to pay money, is no ground of action." *Hotchkiss* v. *Downs,* 2 *Conn. R.* 138.   And the rule, which is founded upon the plainest principles of justice, may now be considered as fully established.   *Colleridge* v. *Heywood,* 9 *Adol. & Ellis,* 633. ( 26 *E. C. L.* 233.)   *Reynolds* v. *Doyle,* 1 *Man. & Gran.* 753. (39 *E. C. L.* 640.)   *Ingalls* v. *Dennet,* 6 *Greenl. R.* 79.

I am aware, that in the contract under consideration, the defendants promised, not only to indemnify the plaintiff, but also to pay the very debts for which he is liable.   And it is upon the latter ground only, that *Crouch* could be made liable for the full amount of the debts.   For a mere promise

to indemnify would not have that effect, unless the plaintiff had been subjected to the payment.

But as he is sued jointly with *Atwood,* no recovery can be had, in the present suit, beyond the amount which the plaintiff is entitled to recover of *Atwood.* And, as already remarked, the effect of the contract, as between *Atwood* and the plaintiff, was, to place them in the position of principal and surety, in relation to the joint debts which they then owed.

*Atwood* indeed agreed to pay the debts; but he never agreed to pay them twice; once to the plaintiff, and then afterwards to the creditors; a result which may happen, if he is compelled to pay the full amount of the debts to the plaintiff in the present suit. For, as already stated, a judgment in the present suit, and even payment to the plaintiff, can have no effect upon the claims of the unpaid creditors against him, or in the least, exonerate him from his liability to them.

All the arguments against the claim of a surety to recover the amount of a joint debt, due from him and his principal, so long as the principal continues liable to the creditor, apply, with equal force, to the present case, so far as *Atwood* is concerned.

For these reasons, I find myself unable to concur in the opinion that the plaintiff is entitled to recover the amount of outstanding and unpaid debts due from him and the defendant *Atwood.*

Judgment for plaintiff.