Brinkerhoff, C. J.
The phrase “ settle up and liquidate,” in the condition of this bond, taken in connection *with the accompanying recital, is equivalent to the word pay, and imposes the obligation to pay all the debts of the late firm of J. M. Tooker 6 Co., and is readily distinguishable from an obligation to indemnify against a liability to pay. And the doctrine seems to be now well established, by a current of decisions both in this country and in England, that if there be a contract to indemnify simply, and nothing more, then damage must be shown before the party indemnified is entitled to recover; but if there be an affirmative contract to do a certain act, or to pay a certain sum or sums of money, then it is no defense to say that the plaintiff has not been damnified; and that the measure of damages in such case is the amount agreed to be paid, or the proper expense of doing the act agreed to be done. Port v. Jackson, 17 Johns. 239; S. C., in error Ib. 479; Mann v. Eckford’s Ex’rs, 15 Wend. 502; Ex parte Negus, 7 Wend. 499; Loosemore v. Radford, 9 Mees. & Wels. 657; Lathrop v. Atwood, 21 Conn. 117.
But it is argued with great force by Waite, J., dissenting, in the case last above cited, and by Mr. Sedgwick, in his work on the Measure of Damages (p. 30G),t-hat the doctrine thus settled in favor of the right to recover at law, in a case like this, to the full amount agreed to be paid, is wrong in principle; because, it is said, a court of law, having no power to direct and control the application of the amount recovered, the obligor, if he be primarily liable, as Tooker was in this case, might be compelled to pay the same debt in substance twice — once to the obligee of the bond, and again to the original creditor; and that the same principle ought to operate in favor of the surety, whose liability in law can not be extended beyond that of his principal. It must be confessed, that these considerations, as applied to a recovery in a court, and in an action, at law .strictly, are entitled to very great weight; and, as Mr. Sedgwick remarks, serve to illustrate “ the inconvenience and serious hardships that often flow from the separation *of the jurisdictions ” at law and in equity. But the objec *379 tion thus forcibly .urged to the doctrine as applied in eases at law, . by courts destitute of equity jurisdiction, has no application to the case before us. This being a ease under the code, and the court below exercising jurisdiction in equity as well as at law, and competent to administer equitable as well as legal remedies, very prop-1 erly saved the rights of the obligors of the bond and defendants in| the judgment, by ordering the creditors of the firm to be made' parties, and permitting the obligors to pay off the creditors of the-plaintiff, and to have the amount thus paid credited upon the judgment. And this, we think, ought always to be done where anyparty in interest, whether creditor or obligor, demands it.

Judgment affirmed-

Scott, Sutliee, Peck, and Gholson, JJ., concurred.