JAMES J. HYLAND *vs.* HARRIET S. CROFUT.

Third Judicial District, Bridgeport, April Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A promise to pay certain debts of the promisee not exceeding a specified amount, in consideration of property received from him, does not create a trust relation between the parties, but is a mere personal obligation in favor of the promisee which he can assign to a third person; and if the promise to pay has already been broken the assignment is in effect a transfer of a claim for damages then accrued by reason of such breach, the amount of which is measured by the sum of the debts remaining unpaid with interest from the date of the contract.
The fact that the assignee of such a claim is one of the creditors of the

Hyland *v.* Crofut.

promisee and agrees to apply part of the amount recovered by him to the payment of the promisee's debts after satisfying his own and the expenses of the litigation, does not prevent him from being the actual, bona fide owner of the assigned claim within the meaning of General Statutes, § 631.

Where no time is specified within which the debts are to be paid, as in the present case, a reasonable time will be implied.

In the present case the defendant, who had agreed to pay certain debts of the plaintiff's assignor for goods sold and delivered, neglected and refused to do so for more than seven months. *Held* that such failure constituted a breach of her agreement.

It appeared that one of the creditors of the plaintiff's assignor had made a special contract with the defendant, and that upon her "assumption" of its debt had granted to her personally an extension of credit. *Held* that in the absence of any evidence as to the terms of such credit it did not appear when this particular debt was due and payable, or that there had been any breach of her contract by her omission to pay.

Argued April 8th—decided May 8th, 1913.

ACTION for the specific performance of an alleged contract to pay the indebtedness of the plaintiff's assignor and debtor, or for damages for the breach of such contract, brought to and tried by the District Court of Waterbury, *Peasley, J.;* facts found and judgment rendered for the plaintiff for $1,147, and appeal by the defendant. *Error and cause remanded for the rendition of a judgment for $661.84 with interest.*

Prior to February, 1909, the defendant and George E. Crofut, her husband, conducted a hotel at Oxford, Connecticut, known as the Crofut Inn. Shortly before the execution of the contract in question, the defendant had brought an action for divorce against her husband and attached his personal property and his interest in the real estate connected with the business. The trial court has found that on March 8th, 1909, the defendant, in consideration of a transfer to herself of the attached personal property and of his interest in the attached real estate, agreed to pay Crofut $400 in cash, and to pay certain debts contracted by him in the conduct of

the business to an amount not exceeding $1,000. Pursuant to this agreement, bills of sale and deeds were prepared and executed by Crofut and delivered to and accepted by the defendant, and the defendant then paid to Crofut $400, and took possession of the property, and also signed in duplicate an agreement to pay the debts of Crofut to an amount not exceeding $1,000, with a list of creditors annexed, the total amount of listed debts being $940.09. One of these duplicates was delivered to Crofut and the other retained by the defendant.

Some time between March 8th and March 29th substitute bills of sale and conveyances of real estate were made in order to correct a supposed mistake in the original papers. The plaintiff, James J. Hyland, was a creditor of Crofut, whose claim appeared upon the list in question, and on April 12th, 1909, he made a demand on the defendant to pay his bill, but the defendant neglected and refused to pay the same. The plaintiff then recovered judgment against George E. Crofut in the amount of $48.53, and took out execution for the same, which was returned unsatisfied.

The plaintiff then, in order to collect his debt, brought an action against the defendant, declaring on her agreement of March 8th, 1909, to pay Crofut's debts, including the plaintiff's debt. This action was subsequently withdrawn, on the theory that the plaintiff had no right to sue on said contract without an assignment from Crofut. On October 16th, 1909, the plaintiff took from Crofut an assignment in writing of all Crofut's rights, claims, and demands against the defendant by reason of her agreement of March 8th, 1909; and in consideration for the assignment the plaintiff executed a bond in the sum of $1,000, reciting that his judgment was due and unpaid, and conditioned to prosecute the chose in action against the defendant,

and apply the amount of the recovery, if any, in satisfaction of his own judgment and all other debts of said Crofut which were due on March 8th, 1909, to the amount of $1,000, and to his expenses in connection therewith. On October 19th, 1909, the plaintiff gave written notice of the assignment to the defendant, and made demand for $1,000 or for a list of bills which had been paid by her, if any, on account of the agreement, and for the balance remaining in her hands. It is alleged in the complaint and admitted in the answer that "the defendant neglected and positively refused to pay said debts, or to pay the plaintiff said $1,000 or any part thereof, or to account for said $1,000."

*Dennis W. Coleman,* for the appellant (defendant).

*Charles G. Root,* for the appellee (plaintiff).

BEACH, J. On the trial of the action there was a conflict of testimony as to the amount of the debts which the defendant had agreed to pay; the defendant claiming that she had agreed to pay debts not exceeding $600, and that, if any paper was subsequently signed by her in duplicate stating the agreed amount to be $1,000, it was signed by mistake.

It is found by the court that one of the duplicates of the agreement signed by the defendant was given to Crofut and the other retained by the defendant, that Crofut's duplicate was lost, and that the defendant, though notified to produce her original, refused to do so; and to this finding there is no exception. The court, under these circumstances, admitted parol evidence of the contents of the writing, and found, in accordance with the testimony of the plaintiff's witnesses, that the total amount of the debts listed therein was $940.09, and that the defendant agreed to pay the same.

Hyland *v.* Crofut.

Many exceptions are made to the findings of the court in respect of this controversy, but the evidence, above outlined, is such that they must all be overruled.

The defendant, on cross-examination, also testified that she had made some payments on account of Crofut's indebtedness, but the court has found that the defendant has not paid any of the debts mentioned in the agreement and list signed by her. To this finding the defendant excepts, but the defendant herself testified that she did not know whether the names of the creditors she mentioned were on the list or not, and her testimony as to the amounts paid was exceedingly indefinite and without corroboration by the production of vouchers. In view of the defendant's refusal to produce her duplicate list, and of the allegation of the complaint, admitted by the answer, that the defendant has neglected and refused to pay said debts, and of the vague and indefinite character of the defendant's testimony, we think the court was justified in finding that she had not paid any of the debts mentioned in the list, and the defendant's exceptions to the findings of the court in this regard are overruled.

The principal claim of law made by the appellant is that a contract to pay the debts of another is not assignable, and that the attempted assignment conveyed to the plaintiff nothing more than the right to sue for and collect his own debt of $30. It is argued that some sort of a trust relation was created by the original contract; that the damages to be recovered in this action, if any, are in the nature of a trust fund, and that the proposed application of some part of the recovery to the expenses of this litigation is in violation of such a trust; and that the plaintiff, being under no obligation to pay Crofut's debts, cannot be injured by the defendant's refusal to pay them.

We think the contract creates no trust relation.

There is no suggestion that the transfer was in fraud of creditors. Crofut's creditors had no lien on the property transferred, and the defendant holds it as her own. Her agreement to pay Crofut's debts created merely a personal obligation in his favor. She has no fund in her hands which is ear-marked for the payment of his debts, nor will the amount recovered as damages in this action be held in trust for that purpose, although the plaintiff has agreed with Crofut as part of the consideration for his assignment to apply some part of the recovery in payment thereof.

An agreement to pay the debts of another, as pointed out in *Lathrop* v. *Atwood*, 21 Conn. 117, is not simply an agreement to indemnify, but also an agreement to perform the act of paying the debts in question. In this case, as in that, the debts agreed to be paid were for goods sold and delivered without any specified term of credit, and were presumably due and payable at the time when the contract was made. No time having been specified within which the defendant was to pay them, a reasonable time was impliedly given, and upon the failure to pay within such a reasonable time a breach of the contract arose for which Crofut could have recovered as damages the amount of the debts so remaining unpaid, with interest from the date of the contract. *Lathrop* v. *Atwood*, 21 Conn. 117; *Whitney* v. *Cady*, 71 Conn. 166, 170, 41 Atl. 550.

This contract was dated March 8th, 1909, and the assignment to the plaintiff, although it bears date as of May 15th, 1909, was, as the court finds, actually made on October 16th, 1909, about seven months after the date of the contract. In *Lathrop* v. *Atwood*, 21 Conn. 117, it was held that four months was a very liberal allowance of time for the payment of the partnership debts, and that a failure to pay them within that time was a breach for which the plaintiff was entitled to sue. In

the present case there was not only a much longer delay before the date of the assignment, but the defendant had refused to pay the plaintiff's debts on demand, and Crofut had been subjected to suit and judgment on account of such refusal. We think the contract had been broken by the defendant's failure to pay the debts before the date of the assignment to the plaintiff, and that the assignment was in effect a transfer of a claim for damages already accrued by reason of the breach of the contract. This is consistent with the language of the assignment itself, which is "of all of Crofut's rights, claims, and demands" on account of his contract with the defendant. Such a claim is plainly assignable, and the fact that the assignee agrees to apply some part of the recovery to the payment of Crofut's debts, after satisfying his own judgment and paying the expenses of this litigation, does not prevent the plaintiff from being the actual bona fide owner of said claim, within the meaning of § 631 of the General Statutes. In *Metropolitan Life Ins. Co.* v. *Fuller*, 61 Conn. 252, 23 Atl. 193, a number of policy-holders assigned their claims for damages against the company to Fuller and wife, upon the assignees undertaking to bring suit and pay all expenses and keep half of the net proceeds, and these assignments were upheld as carrying a full beneficial interest. So in this case the plaintiff is beneficially interested, not only in having his judgment satisfied, but his expenses of litigation paid.

The debt due to the Hellmann Brewing Company for $278.25 stands on a different footing from the rest. It appears in the defendant's testimony that the Hellmann Brewing Company sent to the defendant a paper saying that they wished her to sign it if she was to do business with them, and that she thereupon signed and delivered to said creditor the following paper:—

"Waterbury, Connecticut, March 19, 1909.

In consideration for a valuable sum in dollars I hereby acknowledge and assume the debt of George E. Crofut to the Hellmann Brewing Company, of Waterbury, Connecticut.

H. W. Crofut."

The court has found that theHellmann Brewing Company has not released George E. Crofut from said debt, and this finding is excepted to as a finding of fact without evidence. We find no evidence bearing directly upon this question except the paper itself and the defendant's testimony as to the circumstances under which it was executed, and from this evidence we think the trial court was justified in the conclusion that Crofut had not been released. This question is not, however, important, because the writing shows that the Hellmann Brewing Company permitted the defendant to "assume" the debt, instead of requiring her to pay it at once, thus granting an extension of credit to the defendant personally; and in the absence of any additional evidence as to the terms of such credit, it is not clear that this particular debt was due and payable at the time of the assignment to the plaintiff, or that there has been any breach of contract on the defendant's part arising from her omission to pay the same. The Hellmann Brewing Company has seen fit to make a special contract with the defendant in regard to the payment of this debt, which takes this particular debt out of the reasoning of *Lathrop* v. *Atwood*, 21 Conn. 117, not only because no breach of contract in respect thereof has been established, but also because the payment of the amount of this debt to the plaintiff by way of damages will not release the defendant from her obligation to pay the same.

There is error, the judgment is set aside, and the

cause is remanded with direction to enter a judgment for the plaintiff for $661.84, with interest from March 8th, 1909.

In this opinion the other judges concurred.