GEORGE H. WHITNEY ET AL. vs. FREDERIC E. CADY.

First Judicial District, Hartford, October Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A contract to assume and pay certain indebtedness and save the origi-
nal debtor harmless therefor, is more than a mere promise of indem-
nity, and is broken by the promisor's refusal to pay.
The plaintiffs, W & H, while partners, sold out their business to the
defendant, who agreed to assume and pay the firm indebtedness.
As part of the consideration for the defendant's purchase and un-
dertaking, the contract stipulated that W should not engage in a
similar business in competition with the defendant for the term of
five years. In an action to enforce the specific performance of the
defendant's promise to pay the copartnership debts, the latter
pleaded that W had violated the agreement by engaging in business
in competition with him, to his great loss. Held that this allega-
tion was material to the defendant's defense, and that the trial court
erred in expunging it upon motion.
A motion to expunge is not adapted to test the substantial rights of
parties. Its main use is to enable the court to purge the record of
impertinence and surplusage.

Submitted on briefs Oct. 4th—decided Nov. 11th, 1898.

ACTION to recover damages for a breach of contract to as-
sume and discharge the copartnership indebtedness of the
plaintiffs, brought to the Superior Court in Litchfield County
and tried to the court, George W. Wheeler, J., after the sec-
ond defense of the defendant had been expunged from his
answer by Ralph Wheeler, J.; facts found and judgment ren-
dered for the plaintiffs, and appeal by the defendant for al-
leged errors of the court in expunging his second defense.
Error and new trial granted.

On November 15th, 1894, the defendant and the plaintiff
Whitney were in partnership under the firm name of Cady &
Whitney. On that day they sold their business to the two
plaintiffs, who then formed a partnership under the firm name
of Whitney & Hines. The new partnership carried on their
business until the 28th of January, 1895, when they sold out

to the defendant. This transaction was witnessed by a written agreement as follows :—

"Know all men by these presents that we, George H. Whitney and John T. Hines, both of Riverton, Litchfield County, Connecticut, partners in company under the firm name and style of Whitney and Hines, for the consideration of a valuable sum in dollars and the performance of stipulation and agreements hereinafter contained, received and to be received to our full satisfaction of Frederic E. Cady of said Riverton, do hereby sell, bargain, transfer and convey unto the said Frederic E. Cady all of the goods, wares and merchandise, store fixtures and furniture belonging to us, said Whitney & Hines, and contained in the store in said Riverton now occupied by us; also all book accounts, choses in action and accounts and bills receivable due to us on account of said store business, also our goodwill; to have and to hold the same to him the said vendee, his executor, administrator and assigns forever, to him and their own proper use and behoof. And we the said vendors, do for ourselves, our heirs, executors and administrators, covenant and agree with said vendee to warrant and defend said property to him, the said vendee, against all persons whatever, together with full power and authority to collect said book accounts, choses in action, bills and accounts receivable, and to receipt therefor. As an additional consideration for the above conveyance the said vendee has agreed and does hereby agree to assume and to pay and does hereby assume and agree to pay all of said Whitney and Hines' liabilities and bills, debts and claims owing from them, said Whitney & Hines, to all persons, parties and copartnerships whatsoever, and to save them harmless therefor. The said George H. Whitney has agreed and does hereby agree not to engage in the mercantile business, such as said Whitney & Hines have been conducting and hereby sell to said Cady, in said Riverton, for the period and term of five years from the date hereof; nor is he, said Whitney, for and during said period, to invest his money in said business and conduct or have the same conducted by

any other person, for him or for his benefit, and in opposition or competition to said Cady.   In witness whereof we have hereunto set our hands at Winchester, Conn., this 28th day of January, A. D. 1895, and agree that this instrument shall remain in the possession of Samuel A. Herman.

"WHITNEY & HINES.

" Witness, SAMUEL A. HERMAN.

" I hereby accept the above instrument and consent and assent and agree to all of the stipulations contained therein.

"FREDERIC E. CADY.

" Witness, SAMUEL A. HERMAN."

The plaintiffs, in part execution of this agreement, delivered to the defendant possession of the store occupied by them, the goods and other contents of the store, and their book accounts and bills receivable.   The defendant, in pursuance of the agreement, proceeded to collect the bills receivable, to sell the goods, and to pay the partnership debts and liabilities of the plaintiffs, until March, 1895, when, as the defendant claimed, the plaintiff Whitney engaged in business in opposition to the defendant, in violation of the agreement ; and the defendant then refused to pay the liabilities of the plaintiffs remaining unpaid.   On May 13th, 1895, the plaintiffs brought this suit.

The complaint alleges an agreement as follows : " On or about the 28th of January, 1895, the plaintiffs sold and delivered to the defendant all of the goods, wares, merchandise, store fixtures and furniture then belonging to the plaintiffs and contained in the store in the village of Riverton then occupied by said plaintiffs ; also all book accounts, choses in action, and accounts and bills receivable then due to the plaintiffs on account of said store business ; and in part consideration therefor the defendant then and there agreed to pay all said plaintiffs' liabilities, bills, debts and claims owing from them to the persons, parties and copartnerships whatsoever, and to save them harmless therefrom."

The complaint then alleges that the defendant has refused to pay certain of the liabilities he promised to pay ; that bills

amounting to $1,800 remain unpaid; and that civil actions have been brought against the plaintiffs for the recovery of these unpaid bills. The prayer for relief claims damages, and a specific performance of the defendant's agreement to pay the plaintiffs' liabilities.

To this complaint the defendant demurred, mainly on the ground that the defendant's contract was one of indemnity, and the plaintiffs had not as yet suffered damage by its breach. The court (*Elmer*, *J.*) overruled the demurrer.

The defendant then answered, admitting certain paragraphs of the complaint, denying others, and alleging that the agreement relied on by the plaintiffs was in writing, and setting out the written agreement. The answer states a second defense as follows: "1. The first defense is made a part of this defense. 2. On the      day of March, 1895, or thereabouts, and while the defendant was in the faithful performance of his agreement, the plaintiff Whitney engaged in the mercantile business in said Riverton, which business was of the same kind as that bought by the defendant from the plaintiffs, and invested money therein, and had the same conducted by another or others for himself and for his benefit, and in opposition and competition to the defendant, and continued to be engaged or interested in said business for some months, or until July, 1895, all in violation of his agreement thereinbefore referred to, and to the great damage and prejudice of the defendant."

The plaintiffs moved to strike out paragraph two of the second defense, as impertinent; and this motion the court (*Ralph Wheeler*, *J.*) granted. Afterwards the parties went to trial on the other issues raised by the answer. The court rendered judgment for the plaintiffs to recover $1,456.61 damages, made a finding of facts, and the defendant appealed, assigning as errors that the court erred in overruling the demurrer, and in granting the motion to expunge.

*William C. Case*, for the appellant (defendant).

This act of Whitney was the defense of the defendant, and his sole defense. He entered into the agreement on Jan-

uary 28th, 1895, in consideration of the express **stipulation** therein contained, that Whitney should not re-engage in business in Riverton, and the agreement of which this was a constituent part was signed by Whitney & Hines, and as signed by them submitted to the defendant, who assented to and accepted all the stipulations therein contained. This was a partnership agreement binding both Whitney & Hines, and was a proper and sufficient defense. *Boutelle* v. *Smith*, 116 Mass. 114; *Palmer* v. *Mallet*, cited in 2 Lind. on Part. p. 437.

*Samuel A. Herman*, for the appellees (plaintiffs).

The defendant's promise was not exclusively one of indemnity, but also a promise to pay. *Stout* v. *Folger*, 34 Iowa, 71; *Locke* v. *Homer*, 131 Mass. 99; *Booth* v. *Starr*, 1 Conn. 244; *Lathrop* v. *Atwood*, 21 id. 117; *Redfield* v. *Haight*, 27 id. 31; *Foster* v. *Atwater*, 42 id. 253. The plaintiffs' motion to expunge was correctly decided by the court, as the agreement in restraint of trade is the individual agreement of George H. Whitney, and not that of the copartnership. An individual liability of a partner cannot be set off or recouped against a copartnership claim. Gen. Stat. § 1016; *Pitkin* v. *Pitkin*, 8 Conn. 325; *Francis* v. *Rand*, 7 id. 221; *Palmer* v. *Green*, 6 id. 14; *Atkins* v. *Churchill*, 19 id. 394; *Synder* v. *Spurr*, 33 id. 407. An analysis of the instrument will demonstrate that it was George H. Whitney, individually, and not Whitney & Hines, that was to refrain from trade as therein provided.

HAMERSLEY, J. The demurrer was properly overruled. The contract set up in the complaint is not merely a promise to idemnify; it is also an express promise to pay. In such case a refusal to pay is a breach of the contract. *Lathrop* v. *Atwood*, 21 Conn. *117, *123.

The court erred in expunging paragraph two of the second defense. (The paragraph, however, is improperly pleaded as a second defense; it should have been added to the previous allegations of the answer.) The guaranty against competition from the plaintiff Whitney, was a material part of

the consideration for the defendant's promises to the firm.
The agreement is made by Whitney & Hines as partners;
they agree to sell their stock in trade, assets and goodwill,
to the defendant, for a cash payment and "the performance
of stipulation and agreements hereinafter contained;" they
then say, "as an additional consideration for the above con-
veyance, the said vendee has agreed" to pay the firm liabili-
ties, and the said Whitney has agreed not to engage in the
mercantile business such as Whitney & Hines have been con-
ducting "and hereby sell to said Cady." This document
they sign with their firm name. The defendant's assent is
as follows: "I hereby accept the above instrument and con
sent and assent and agree to all of the stipulations contained
therein." Certainly this is, at least, equivalent to a sale by
Whitney & Hines and a purchase by Cady, upon the part
consideration that the business such as that sold shall not for
a certain period be carried on by one of the partners in oppo-
sition to Cady. If the agreement had promised that neither
partner should interfere, the consideration would be enlarged,
but it would not be any more truly a consideration for the
firm contract.

The defendant alleges the failure of this consideration.
A partial failure of consideration may be material in estimat-
ing damages in an action on the contract. *Moore* v. *Ellsworth*,
3 Conn. 483, 488; *Cook* v. *Mix*, 11 id. 432, 438; *Andrews* v.
*Wheaton*, 23 id. 112, 118. Even if Hines may not be liable
for all damages accruing to Cady from Whitney's conduct,
he cannot, jointly with Whitney, claim a specific performance
of the agreement, if Whitney's conduct in violation of the
agreement has made its performance as a whole impossible,
and its partial performance inequitable.

We think the allegation expunged was material to a proper
defense. If there were a doubt as to this, the doubt would
surely be a substantial one upon which the defendant would
be entitled to be heard in full on demurrer; it is not one of
those questions that may be summarily disposed of on a mo-
tion to expunge. Such motion is outside the regular plead-
ings in a cause. It was not intended and is not adapted to

test the substantial rights of parties; its main use is to enable the court to purge the record of impertinence and surplusage. Practice Act, p. 4, § 10. Granting the motion may be discretionary. *Bassett* v. *Shares*, 63 Conn. 39, 42. To reject, on such a motion, substantial claims of a party, may practically be depriving him of his day in court.

There is error, the judgment of the Superior Court is set aside and a new trial granted.

In this opinion the other judges concurred.