WILLIAM P. DICKERMAN *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY ET AL.

Third Judicial District, New Haven, June Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

An order of the railroad commissioners for the elimination of a highway grade-crossing is not *per se* a "taking" of land, nor does it give the adjoining proprietor a present right of action for damages to his premises because of the contemplated change in the grade of the street.

Whenever an action appears upon the face of the complaint to have been prematurely brought, the defect may be taken advantage of upon demurrer.

In an action at law the plaintiff's case can be supported only on the facts as they existed when it was begun.

Argued June 14th—decided October 5th, 1899.

ACTION to recover damages for an alleged taking of the plaintiff's land in effecting the removal of a grade crossing, brought to the Superior Court in New Haven County and reserved by that court, *Prentice, J.*, upon a demurrer to the amended and supplemental complaint, for the consideration and advice of this court. *Judgment advised for defendants.*

The complaint in this case was dated the 8th day of February, 1888, and made returnable to the Superior Court in New Haven county on the first Tuesday of the following March. It alleged that the plaintiff was the owner of a tract of land in the city of New Haven on the north side of Chapel street and on both sides of the "freight branch" track of the New York, New Haven and Hartford Railroad Company. At that time the street crossed the said track at grade.

The complaint further alleged that on the 17th day of June, 1886, the railroad commissioners passed their certain order respecting the said crossing, which order on appeal to the Superior Court was, with one or two verbal changes, on the 18th day of November, 1887, affirmed by said court, and was as follows: " This court having re-examined the question of the propriety and expediency of the order appealed from, finds that public safety requires the alteration of the said highway, and that said alteration is a matter of public convenience and necessity. Whereupon it is adjudged that the said order of the railroad commissioners be and hereby is modified, so that said order when modified shall read as follows, and the same is made an order of this court: Ordered, that the highway known as Chapel street in the city and town of New Haven be so altered as to cross over the 'freight branch,' so-called, of the New York, New Haven and Hartford Railroad, by a bridge, instead of crossing at grade, as at present; the height of said bridge above the rails to be not less than 15 feet in the clear; and in order that the grade of the approaches may be as light as possible we do direct that the tracks at said crossing be lowered twenty (20) inches; the work of lowering said tracks to be done by said railroad company, and all other work incident to said alteration, including the building, making and constructing of the bridge

abutments, embankments and approaches, to be done and performed by the city of New Haven, in general accordance with the plan on file in the office of the railroad commissioners of the State of Connecticut, marked 'Proposed bridge at Chapel street, over the N. Y., N. H. & H. R. R., New Haven, Ct., June 17th, 1886, Albert B. Hill, City Engineer.' All of said alterations are to be made and completed within two years from the date of this order, and including the land damages, if any, incident to said alterations, to be at the joint expense of the said city and railroad company, each in the first instance to pay the costs of the alterations ordered to be made by it, and the land damages, as they may be assessed. And on the completion of said alterations and the payment of said costs and land damages, if it shall appear that the amount paid by the city is in excess of that paid by the railroad company, then said company to pay said city one half of said excess ; but if it shall appear that the amount paid by said company is in excess of that paid by said city, then said city shall pay to said company one half of said excess."

The sixth paragraph of the complaint is this : " That by reason of said order of said railroad commissioners and of said judgment of said Superior Court, the property and estate of the plaintiff has been taken by said defendants for the purposes of said bridge abutments, embankments and approaches, to the great damage of the plaintiff."

To this complaint both the defendants, on the      day of May, 1888, demurred, their reasons being, in general, that the complaint did not set forth a cause of action. This demurrer was sustained *pro forma* by the court. The cause was thereafter continued from time to time until the 24th day of December, 1898, when the plaintiff filed an amended and supplemental complaint; and on the 3d day of March, 1899, an amendment to the said amended and supplemental complaint. The amendments, both of them so far as the facts therein are material, set forth only such facts as had happened since the beginning of the suit. These amendments were allowed to be filed against the protest of the

defendant. Afterwards on the 3d day of March, 1899, the defendants moved that both of them be stricken from the files, and on the same day filed a demurrer to both the said supplemental amendments. Thereupon, by the agreement of the parties, the case was reserved for the advice of this court. The reservation is in these words : " With the consent of all the parties to said cause, and at their request, the protests of the defendants against the allowance of the amended and supplemental complaint and the amendment thereto are overruled *pro forma*, and the amended supplemental complaint and amendment thereto are allowed *pro forma*, and the motion to strike out the same are denied *pro forma*, and all the questions of law arising upon the demurrer to said amended and supplemental complaint, and which may arise upon the record in said cause, and as to what advice shall be given or what judgment should be rendered in said cause, are hereby reserved for the consideration and advice of the Supreme Court of Errors to be held," etc.

*George D. Watrous*, for the New York, N. H. & H. R. Co.

*Henry Stoddard*, with whom was *John W. Bristol*, for the plaintiff.

*William H. Ely*, for the city of New Haven.

ANDREWS, C. J. The sixth paragraph of the complaint avers " that by reason of said order of said railroad commissioners and of said judgment of said Superior Court, the property and estate of the plaintiff has been taken by the defendants for the purpose of said bridge abutments, embankments and approaches, to the great damage of the plaintiff." There is in the complaint no averment that any property of the plaintiff has been taken or in anywise injured, so that therefrom he has suffered damage other than is set forth in this paragraph. There is no averment that either of the defendants had taken any step towards the carrying out of the said order; and we know from the supplemental com-

plaint that no such step was taken until nearly ten years after the suit was commenced.

This order was not itself a taking of land. It did not authorize the " taking " of any land anywhere. It did not contemplate the interference with any land outside the limits of Chapel street. It did contemplate and command a change in the grade of that street. But such change in the grade was not then made ; and when made it was not the " taking " of land. The damages to which a party is entitled by reason of the change in the grade of a highway, accrue not because any land has been taken, but because his land outside of the highway which has not been taken has been injured. General Statutes, § 2703 ; *Holley* v. *Torrington*, 63 Conn. 426.

Although the order was an authoritative one, and one which the defendants would in all probability be compelled to perform, it was not in itself a damage to the plaintiff. Every complaint in an action at law must show a cause of action ; that is, it must show a present right to have the relief claimed. If the right to have the relief claimed has not yet come into existence, then the action is prematurely brought. This suit was prematurely brought. It appeared by the complaint itself that at its date the cause of action had not accrued to the plaintiff. A demurrer was a proper pleading to take advantage of that defect. Gould's Pleadings, Chap. V, § 138 ; *Smith* v. *Jewell,* 71 Conn. 473 ; *Bailey* v. *Bussing,* 29 id. 1, 6.

After the demurrer to the original complaint had been sustained the plaintiff filed an amended complaint, which he styled an amended and supplemental complaint, and a little later an amendment to that one. The defendants objected to these amendments, but the court *pro forma* overruled the objections and allowed them to be filed. Afterwards the defendants moved that both these amendments be stricken from the record. This motion was *pro forma* overruled. The defendants then demurred to both these amendments.

These amendments do not, either of them, set forth any acts of the defendants, or any fact by reason of which the plaintiff has suffered damages, other than such acts and facts as have happened since this suit was brought. This is an

action at law.   In such an action the plaintiff's case can be supported only on the facts as they existed when it was brought.   *Woodbridge* v. *Pratt & Whitney Co.*, 69 Conn. 304–334.   An independent cause of action which does not mature until after the commencement of the suit cannot be made the basis of an additional count or supplemental pleading in an action at law, even though it sprung out of the transaction set forth in the original pleadings.   *Goodrich* v. *Stanton*, 71 Conn. 418, 419.

The Superior Court is advised to sustain the demurrer to the supplemental amendments, to affirm the demurrer to the original complaint, and to render judgment for the defendants. The costs in this court will be taxed in favor of the defendants.

In this opinion the other judges concurred.