# HOBART A. WARNER *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

First Judicial District, Hartford, January Term, 1913.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

All private property is held in subordination to the reserved right of the State to exercise its police power; and therefore for an injury to such property resulting from an authorized public improvement, no damages can be recovered, unless their recovery is sanctioned by the Constitution or by the statute law of the State.

In the present case a dangerous railroad grade-crossing was removed by order of the board of railroad commissioners pursuant to General Statutes, § 3713, and the only injury the plaintiff, a landowner adjoining the highway, sustained, was inconvenience in passing to and from his premises in a certain direction by reason of the substitution of a more circuitous route. *Held* that inasmuch as there had been no taking of his land nor any change in the grade of the highway, he could not recover damages for a mere depreciation in the value of his property.

A second count in the complaint tried to set up a contractual obligation of the defendant to pay such damages as the plaintiff might sustain from the execution of the improvement as planned, in consideration of the withdrawal of his opposition before the railroad commissioners; but, upon motion to expunge, this count was stricken out by the trial court, and its attempted restoration to the complaint was subsequently denied. *Held* that these rulings were erroneous, since they summarily deprived the plaintiff of his right to present his claimed cause of action and have it judicially passed upon either upon demurrer or after issue joined.

A motion to expunge is not the proper method to test the legal sufficiency of a pleading.

Ordinarily the question of allowing an amendment rests in the sound discretion of the trial court.

The plaintiff complained of the acts done by the defendant pursuant to the order of the railroad commissioners, and the trial court required him to annex a copy of this order to his complaint. *Held* that this was a matter within the discretion of the court and its ruling could have worked no harm.

The case of *Park City Yacht Club* v. *Bridgeport*, 85 Conn. 366, distinguished.

Argued January 9th—decided March 11th, 1913.

ACTION to recover damages for injury to the plaintiff's premises caused by the elimination of a grade-crossing in the town of Bristol, brought to the Superior Court in Hartford County where the defendant's motion to expunge the second count of the complaint was granted and an amendment to the first count was disallowed (*Reed, J.*), after which a demurrer to the complaint was sustained (*Ralph Wheeler, J.*) and judgment rendered for the defendant, from which the plaintiff appealed. *Error in part.*

The complaint demurred to and annexed exhibits disclose the following facts:—

The plaintiff is the owner of land with a house thereon fronting easterly upon Henry Street in the town of Bristol, and adjoining, on the northerly side, the layout of the defendant. Henry Street connects Riverside Avenue and Prospect Street, distant from each other about five hundred feet, and its course is substantially at a right angle with each of those streets. Before the improvement hereinafter described Henry Street crossed the right of way and tracks of the defendant at grade. The point of crossing was about midway of the five hundred feet.

In 1909 the railroad commissioners, upon the application of the defendant as provided by statute, ordered the elimination by the defendant of this and another near-by crossing, in accordance with a plan and specifications which called for the closing of the two existing crossings, including that in Henry Street, and the discontinuance of that street within the railroad right of way. The street was not otherwise to be interfered with, and was to remain unchanged.

For the accommodation of travel across the right of way a new street was provided for, extending from Riverside Avenue to Prospect Street substantially parallel to Henry Street and about four hundred feet easterly of it. This street was to be carried over the defendant's tracks.

The defendant complied with the order of the railroad commissioners, and executed the work as ordered. As a result the plaintiff and all other persons desiring to approach his premises from the north, or to depart from them in that direction, are unable to pass across the defendant's right of way in the direct line of Henry Street, but are compelled to take a more circuitous route. The value of the plaintiff's property has been reduced by the change in the crossing about one third, to wit, $900. The residential and business portions of Bristol lie to the west and north of it.

Other material facts are sufficiently stated in the opinion.

*Newell Jennings*, for the appellant (plaintiff).

*Benjamin I. Spock*, for the appellee (defendant).

PRENTICE, J. The plaintiff, upon the facts alleged in the complaint, is the owner of land bounded on one side by the right of way of the defendant, and abutting in front upon a public highway. This highway formerly crossed the defendant's tracks at grade, and extended each way therefrom some two hundred and fifty feet to a connection with another street. By means of this connection access to and egress from the plaintiff's land in either direction by means of the system of streets in that locality was afforded. The action of the de-

fendant of which the plaintiff complains has not resulted in closing, obstructing, or impairing for use the highway adjacent to his premises. Neither the grade, character, nor serviceability of the street at that point has been affected. Access to and egress from his land can be had as freely as ever. The sole ground upon which he rests his claim for recovery is that highway access has been rendered more inconvenient than it was, in that a more circuitous route must be taken in approaching or leaving the property in one direction.

This changed condition has arisen, it is charged, by reason of the execution of a public improvement whereby the defendant, acting under and in conformity with an order of the railroad commissioners directing and defining the work, has abolished the grade-crossing described, and prevented passage across, over, or under the defendant's tracks in the line of the street upon which the plaintiff's property abuts.

The situation presented is thus in all essentials like that before this court in *Newton* v. *New York, N. H. & H. R. Co.*, 72 Conn. 420, 44 Atl. 813, and precisely the same question is involved as that passed upon in that case. It is impossible to differentiate the two cases in matters of substance, and the principle there laid down, that where highway changes result from public improvements, undertaken in the exercise of the reserved governmental powers known as the police power, occasion a landowner no other damage than to render access to his land more inconvenient than it formerly was, by reason of a more circuitous route being required to be taken, he has no right of action, precludes the plaintiff here from recovery upon the complaint demurred to.

It is unnecessary to repeat the reasoning of the

*Newton* case. Its conclusion is the natural and logical consequence of the recognized relation of the sovereign, as representing the interests of society at large, to all private-property ownership. It is a part of the price paid for the social compact of organized society, that the public has reserved to it certain dominant rights over all individual property. *Hollister* v. *Union Co.*, 9 Conn. 436, 444; *Lane* v. *Harbor Commissioners*, 70 Conn. 685, 698, 40 Atl. 1058. Acts which would be actionable, if done by an individual, frequently are not when done by authority of the sovereign power. "For the commonwealth a man shall suffer damage," is an ancient phrase expressive of this familiar principle, and our cases furnish repeated recognitions and applications of it. *Hollister* v. *Union Co.*, 9 Conn. 436; *Lane* v. *Harbor Commissioners*, 70 Conn. 685, 698, 40 Atl. 1058; *New Haven Steam Saw Mill Co.* v. *New Haven*, 72 Conn. 276, 284, 44 Atl. 229, 609; *Park City Yacht Club* v. *Bridgeport*, 85 Conn. 366, 372, 82 Atl. 1035.

The doctrine of the *Newton* case was reaffirmed in the recent case last cited. But it is claimed that this later case gives recognition to exceptional conditions which may call for exceptional treatment, and that it found such a condition in the circumstances presented by the improvement then under consideration. That is true. But the situation in which the plaintiff here is placed is in no true sense analogous to that in which the Yacht Club found itself after the highway changes affecting its property were completed. Access to the highway in front and in one side direction was entirely taken away from it, and only an apology of a means of approach through a narrow passage inadequate for ordinary modern travel leading in the opposite side direction was left it. We characterized the changes thus wrought as most unusual ones, and in view of

their character determined that they called for exceptional treatment in the interest of justice. In this connection it should be borne in mind that these changes deprived the property-owner of all means of direct access in front to the main highway, and thus worked an injury to the easement of access the effect of which is discussed in the *Newton* case. p. 427 *et seq.* The true analogy to the present situation, and a most striking one in the similarity of conditions, is to be found in the last named case, and the rule to be applied is the one of general application there stated.

Statutes and constitutions may, of course, create a liability for public action where no liability would otherwise exist. The statute under which the improvement in question was ordered and executed (§ 3713), directs that the damages suffered by reason of the taking of land, or by a change of highway grade affecting premises adjoining the highway, shall be paid for. There was no change of grade in the present case; and no property was taken. Injury such as the plaintiff claims to have suffered does not amount to a taking. *Dickerman* v. *New York, N. H. & H. R. Co.*, 72 Conn. 271, 275, 44 Atl. 228; *Lane* v. *Harbor Commissioners*, 70 Conn. 685, 695, 40 Atl. 1058; *Holyoke Water Power Co.* v. *Connecticut River Co.*, 52 Conn. 570, 574; *Northern Transportation Co.* v. *Chicago*, 99 U. S. 635, 642. The demurrer to the complaint was properly sustained.

The complaint originally contained two counts. The second was stricken out upon motion as being merely a repetition of the first, or its repetition with the addition of irrelevant and immaterial matter. This action was erroneous. It is apparent that in the count thus expunged the pleader was attempting to set up a cause of action based upon a contractual obligation on the

part of the defendant to pay the amount of the damage he would sustain by the execution of the improvement, voluntarily assumed by it upon the occasion of the hearing before the railroad commissioners, and supported by the consideration that he would withdraw his opposition to the plan and specifications therefor then proposed by the defendant. The allegations as made might not have stood the test of a demurrer, but a motion to expunge was not the proper pleading to call for a determination of that matter. A motion to expunge may not be used to test the legal sufficiency of a pleading. *Whitney* v. *Cady,* 71 Conn. 166, 171, 41 Atl. 550.

The plaintiff subsequently asked leave to file an amended count in which a promise of the character stated by the defendant and withdrawal of opposition in reliance upon it by the plaintiff were alleged. Leave was denied, and the case proceeded upon the first count. The reason for the disallowance of the amendment does not appear. Ordinarily the allowance of an amendment rests in the sound discretion of the court. But whatever consideration may have dictated the refusal of this amendment, the result of the court's action in the two matters referred to was to summarily deprive the plaintiff of his right to present his claimed cause of action to be judicially passed upon either upon demurrer or after issues joined.

Complaint is made of an order of court requiring the plaintiff to annex a copy of the order of the railroad commissioners to the complaint. This was a matter within the discretion of the court, and, besides, could have worked no harm.

There is error, and the cause is remanded with direction that the plaintiff be permitted to amend his complaint by incorporating a second count based upon a contractual obligation assumed by the defendant to

compensate the plaintiff for such damage as he would sustain by the reason of the improvement in question, and that thereafter it be proceeded with according to law.

In this opinion the other judges concurred, except HALL, C. J., who concurred in the result, but died before the opinion was written.