EDWARD C. ROSENBERG vs. J. EDWARD SLAVIN, SHERIFF.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued November 6th—decided December 1st, 1936.

*Maurice W. Rosenberg,* for the appellant (plaintiff).

*Abraham S. Ullman,* with whom, on the brief, was *Samuel E. Hoyt,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff, arrested and detained under a warrant of the Governor for his extradition to the State of New York, sought his release under a writ of habeas corpus.  The defendant sheriff made a return in which he included a copy of the warrant, from which it appears that the plaintiff stands charged in the State of New York with the crime of grand larceny.   In his reply the plaintiff alleged "the facts and circumstances out of which this accusation arose" as follows:  That in March, 1936, he had sold and delivered to Charles Williams of Buffalo, New York, a certain oil royalty agreement, promising him that if he was not entirely satisfied with the investment the plaintiff would refund the money or substitute some other similar investment; that in August, 1936, Williams notified the plaintiff that he was not satisfied with the investment and thereupon the plaintiff mailed him a check for $800 dated October 1st, 1936, with the request that he retain the oil royalty agreement until the check was paid; that Williams did retain the check for a week or ten days but that it was then returned to the plaintiff by the attorney general's office in New York, with a demand for immediate payment of the money; that, before he could arrange for that payment, the warrant for his arrest was issued; and that he was "advised" that he had committed no crime under the laws of New York.   The defendant moved to expunge these allegations as statements of irrelevant and evidential matters and of legal conclusions.   The court granted this motion and the correctness of that ruling is the subject-matter of this appeal.

The only issue presented is whether the plaintiff had a right in this proceeding to offer evidence to support

and establish, if he could, the facts alleged, as grounds
for a decision that his detention under the Governor's
warrant was illegal. The question so presented was
one of the plaintiff's legal rights and should not have
been determined upon a motion to expunge. *Whitney*
v. *Cady,* 71 Conn. 166, 171, 41 Atl. 550; *Warner* v. *New
York, N. H. & H. R. Co.,* 86 Conn. 561, 566, 86 Atl. 23.
The plaintiff does not, however, rely upon the impro-
priety of the use of the motion to test the substantial
rights involved, and, particularly in view of the nature
of the proceeding, we shall consider the question at
issue. *Vincent* v. *Mutual Reserve Fund Life Asso.,*
77 Conn. 281, 284, 58 Atl. 963.

In *Taft* v. *Lord,* 92 Conn. 539, 103 Atl. 644, we had
before us a case where it was sought to extradite one
Schumann to answer an indictment in the State of
New York for failing to provide for the support, nur-
ture and education of his children there. He had for-
merly lived with his family in New York, but had
left there to come to Connecticut to establish himself
here, making provision for the temporary support of
his family. About a month later he sent for them and
they joined him here. After a short residence in this
State, the parents quarreled, and the wife and children
returned to New York, while he continued his resi-
dence in this State. The reply of the plaintiff which
raised the issue determinative of the case, was that
Schumann was not in the State of New York at the
time of the crime with which he was charged. 193
Supreme Court Records and Briefs, p. 460, back. The
warrant under which he was detained did not state the
date when the crime was alleged to have been com-
mitted. Of course he could not be extradited as a
fugitive from justice in order to answer for any wrong-
ful act he did after he left the State of New York. We
stated that upon the question of the right of New York

to extradite him, the decisions of the Supreme Court of the United States were necessarily conclusive.

In *Strassheim* v. *Daily,* 221 U. S. 280, 31 Sup. Ct. 353, that court had before it a situation where the accused had not been in the demanding State at the time when most of the acts involved in the crime charged had been committed, but the court held that as he had been there at a time when certain material steps in its accomplishment had taken place, he was a fugitive from justice. In our decision in *Taft* v. *Lord,* we relied upon the *Strassheim* case as determinative of the issues, and we quoted from the decision as follows: " 'We think it plain that the criminal need not do within the State every act necessary to complete the crime. If he does an overt act which is and is intended to be a material step towards accomplishing the crime, and then absents himself from the State and does the rest elsewhere, he becomes a fugitive from justice, when the crime is completed, if not before. . . . For all that is necessary to convert a criminal under the laws of a State into a fugitive from justice is that he should have left the State after having incurred guilt there, . . . and his overt act becomes retrospectively guilty when the contemplated result ensues.' " Applying that statement to the situation before us in *Taft* v. *Lord,* it became necessary for us to determine whether Schumann had been in the State of New York when any material step in the accomplishment of the crime with which he was charged had been committed, and we held that he had not, stating that, examining the facts upon the record, "we fail to find any act done by Schumann prior to his departure from New York which, by the wildest flight of imagination, could be regarded as either criminal in itself or as intended as a step in the accomplishment of the crime subsequently consummated."

Referring to the quotation we have made above from the *Strassheim* case, we said: "This expository statement makes it clear beyond mistake that no one can be considered a fugitive from justice and extraditable as such who has not either committed some crime in the demanding State, or therein done some overt act which was, and was intended to be, a material step in the accomplishment of a crime subsequently consummated elsewhere. Acts wholly innocent in themselves and not intended as a step toward the accomplishment of a crime, are not acts incurring guilt, and cannot be made the basis of a charge that the actor, leaving the State, flees from justice as there administered." As no one but Schumann could have been involved in the crime charged, this statement was applicable upon the question whether, while he was in New York, any material step had been taken toward the accomplishment of the crime alleged. We did not mean to say that before one can be extradited the courts of the State where he is found are to determine whether or not he has committed a crime in the demanding State. Such a view would go far to defeat the whole plan for the interstate extradition of those charged with crime, and the right of the courts of the State in which the accused is found to inquire into his guilt or innocence of the crime charged is denied by a host of decisions. 29 C. J. p. 81.

In *Biddinger* v. *Commissioner of Police*, 245 U. S. 128, 134, 38 Sup. Ct. 41, it is said: "The scope and limits of the hearing on habeas corpus in such cases has not been, perhaps it should not be, determined with precision. Doubt as to the jurisdiction of the court to review at all the executive conclusion that the person accused is a fugitive from justice has more than once been stated in the decisions of this court;

*Ex parte Reggel,* 114 U. S. 642, 5 Sup. Ct. 1148; *Roberts* v. *Reilly,* 116 U. S. 80, 6 Sup. Ct. 291; *Appleyard* v. *Massachusetts,* 203 U. S. 222, 27 Sup. Ct. 122; but the question not being necessary for the disposition of the cases in which it is touched upon, as it is not in this, is left undecided. This much, however, the decisions of this court make clear; that the proceeding is a summary one, to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest; that when the extradition papers required by the statute are in proper form the only evidence sanctioned by this court as admissible on such a hearing is such that tends to prove the accused was not in the demanding State at the time the crime is alleged to have been committed; and, frequently and emphatically, that defenses cannot be entertained on such a hearing, but must be referred for investigation to the trial of the case in the courts of the demanding State." That we did not mean to apply the contrary rule in *Taft* v. *Lord* is apparent from the fact that the case of *Biddinger* v. *Commissioner of Police,* supra, and other cases of like import were cited to the court in the brief filed in behalf of the defendant, but the court found no occasion to consider them.

In the present case, the reply does not allege that the plaintiff was not in New York at the time the crime is charged as having been committed; but the claim is that his conduct touching the matters upon which the charge is based did not constitute a crime. That issue is one to be determined, not by the courts of this State before he is surrendered for extradition, but by a proper court of New York in a trial to be held there. The plaintiff was not entitled in the hearing before the trial court to offer evidence upon the issues

310

attempted to be raised by the portion of the reply which was expunged.

There is no error.

In this opinion the other judges concurred.