Nelson Harris, Trustee (Estate of Santella Calandro) v. The First National Bank and Trust Company of New Haven et al.

Brown, C. J., Baldwin, Inglis, O'Sullivan and Quinlan, Js.

Argued April 9—decided May 26, 1953

*Nelson Harris,* with whom, on the brief, was *Leonard J. Gilhuly,* for the appellant (plaintiff).

*Frederick L. Greenberg,* for the appellee (named defendant).

BALDWIN, J. The plaintiff, as trustee of the bankrupt estate of Santella Calandro, instituted this suit against Marvin C. Gold, Annette E. P. Gold, and The First National Bank and Trust Company of New Haven, hereinafter referred to as the bank. The allegations of the complaint, stated briefly, were: Michael J. Faugno brought an action of foreclosure against Calandro for an indebtedness of $1098.30. The bank was made a party defendant in the action because it had a lien on Calandro's property. A judgment was entered fixing May 20 and 21, 1952, as the law days for Calandro and the bank, respectively. On April 21, 1952, Calandro was adjudicated a bankrupt. At the first meeting of his creditors, held before the referee in bankruptcy in the forenoon of May 21, the defendant Annette Gold, although she did not represent any creditor and had no legal right to act, nominated her office associate, Milton Bernblum, as trustee of the bankrupt estate, and he was appointed. At this meeting, Annette Gold learned that the bank did not intend to redeem its interest. Immediately after the meeting, an attorney representing Calandro communicated to the defendants Gold and to Bernblum an offer of $5000 for the property in question from Peter Young, a real estate agent. It was Bernblum's duty as trustee, acting in good faith, to attempt at once to secure a reopening of the foreclosure judgment in order to salvage the equity in the property of the bankrupt for the benefit of the bankrupt estate. Instead, the Golds, seeing

an opportunity to make a profit for themselves, induced Bernblum to refrain from making any effort to reopen the judgment and from advising the bankruptcy court of the offer from Young. The Golds arranged with the bank to purchase its lien for $150 and to take title thereto by quitclaim deed in their own name, which deed they immediately recorded. They arranged further with the bank to redeem the property in the bank's name. On the same afternoon of May 21, the Golds executed an agreement accepting the offer to purchase the property submitted by Young. After the deal had been completed, they induced Bernblum to decline to act as trustee.

The complaint specifically alleged that any profit made by the defendants Gold "as a result of the foregoing conspiracy to prevent the proper functioning of the Bankruptcy Court belongs to the bankrupt estate." It further specifically charged that the "defendant First National Bank and Trust Company aided and abetted said conspiracy in order to collect on its debt." The bank moved to expunge the latter statement because it was "frivolous and unfit by reason of its scandalous and impertinent allegation." It also made a motion that it be dropped as a party defendant for misjoinder. The trial court granted both motions. Thereafter, the plaintiff moved to vacate the court's order dropping the bank as a party defendant and to file a substitute complaint. The trial court denied both motions and the plaintiff has appealed.

The record in this case is incomplete because there is no judgment file recording the action of the court with reference to the bank. The court's decision upon the motion to vacate the order dropping the bank as a party defendant was, in effect, a final judgment, because it put the plaintiff "out of court" as to this

defendant. The situation which resulted was analogous to that presented by a refusal to plead over after the sustaining of a demurrer. See Maltbie, Conn. App. Proc., § 8. The proceedings of the court up to this point with reference to the bank should have been recorded in a judgment file. Practice Book § 202. The memorandum of decision on the motion to drop the bank as a party defendant cannot be considered a record judgment. "The judgment-file is the only formal written statement which expresses the decision rendered." *In re Application of Title & Guaranty Co.,* 109 Conn. 45, 50, 145 A. 151; *State v. Lindsay,* 109 Conn. 239, 242, 146 A. 290; *Corbett v. Matz,* 72 Conn. 610, 613, 45 A. 494. There was an appealable judgment, however, and we will consider the appeal even though there is no judgment file. *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 372, 84 A.2d 681.

Three of the assignments of error may be considered together, because the decision of the court granting the motion to drop the bank as a party defendant for misjoinder and the denial of the motion to vacate that order turned upon the court's action on the bank's motion to expunge a paragraph of the complaint. This paragraph alleged that the defendant bank aided and abetted the conspiracy in which the Golds were involved in order to collect on its debt. This allegation must be read in connection with the other allegations of the complaint. These charged a conspiracy to carry into effect a series of operations enabling the defendants Gold to obtain the property of the bankrupt for their own profit. The paragraph which the court expunged asserts that the bank aided that conspiracy for its own benefit. We are not now concerned with whether the plaintiff can prove this allegation. The point is that

he made it and that it is an essential allegation to the statement of a cause of action against the bank. The allegation did not contain matter which made it subject to a motion to expunge under § 7822 of the General Statutes. A motion to expunge is not designed to test substantial rights. *Morico* v. *Cox,* 134 Conn. 218, 221, 56 A.2d 522; *Donovan* v. *Davis,* 85 Conn. 394, 398, 82 A. 1025; *Whitney* v. *Cady,* 71 Conn. 166, 171, 41 A. 550. The motion was given that improper effect in the instant case because, by the court's ruling upon it, the allegation that the bank participated in the conspiracy was stricken, leaving the complaint with no cause of action stated against the bank.

The ground alleged in the motion to drop the bank as a party defendant was not that there had been a misjoinder of parties but that the complaint did not state a cause of action against the bank. That is a ground for demurrer and not for a motion to drop a party. Practice Book § 96. The motion to expunge and the motion to drop the bank as a party defendant should have been denied. The error assigned in the denial of the motion for permission to file a substitute complaint was not considered in the brief or in oral argument and is therefore treated as abandoned. Maltbie, Conn. App. Proc., § 165.

There is error, the judgment in favor of The First National Bank and Trust Company of New Haven is set aside and the case is remanded to be proceeded with in accordance with this opinion.

In this opinion the other judges concurred.