## TAILORED KITCHENS COMPANY, INC. *v.* BRIAN CONSTRUCTION COMPANY, INC., ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 7-692-13328

Argued February 1—decided March 5, 1971

*Robert E. Reilly,* of East Haven, for the appellants (defendants).

*Joseph Glass,* of New Haven, for the appellee (plaintiff).

PER CURIAM. This action was brought on a note signed by both defendants. The defendants filed a counterclaim seeking damages for breach of contract. The trial court rendered judgment for the plaintiff against both defendants, and they have appealed, assigning several errors. All but one of the assignments were abandoned by the defendants in their brief and therefore need not be considered. *Little* v. *Ives,* 158 Conn. 452, 458.

The only assignment of error pursued by the defendants is that the court failed to specify which defendant it found against. The defendants' argument is based on the court's memorandum of decision, which refers to the defendants in the singular, and on the fact that judgment is given for the plaintiff without specifying defendant or defendants. The court later made a finding which leaves no doubt that the judgment was rendered against both defend-

ants.   The defendants have overlooked the judgment file, which is explicit that the issues were found for the plaintiff and that judgment was rendered against both defendants.   The judgment file is the only formal written statement which expresses the decision rendered.  *Harris* v. *First National Bank & Trust Co.*, 139 Conn. 749, 752; *In re Application of Title & Guaranty Co.*, 109 Conn. 45, 50.   Facts upon which a final judgment is predicated must appear in the judgment file.   But compliance with this requirement should never be attempted by incorporating the memorandum of decision in the judgment file.  *Krall* v. *Krall*, 141 Conn. 325, 327.   The judgment file is complete as far as the plaintiff's action is concerned.

Although the defendants do not press their claim that no finding was made on the counterclaim, we are of the opinion that the record should dispose of all issues and that the judgment file should be corrected to record it.   A judgment for the plaintiff on the counterclaim is implicit in the trial court's decision and explicit in the court's finding, and the judgment file should be corrected to record it.  *Machiz* v. *Homer Harmon, Inc.*, 146 Conn. 523, 526.

There is error in the form of the judgment, it is set aside and the case is remanded with direction to render judgment as on file except as corrected to accord with this opinion.

In this opinion DEARINGTON, JACOBS and KINMONTH, Js., participated.