[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR EXECUTION
This matter is before this court on a remand from the Appellate Court for a rehearing on the plaintiffs' motion for execution. Stafford Higgins Industries, Inc. v. Norwalk,15 Conn. App. 752, 759, 546 A.2d 340 (1988).
The Appellate Court summarized the history of the case in its decision. As the Appellate Court stated, this case first arose as an appeal to the Superior Court from the decision of the board of tax review of the city of Norwalk increasing the assessment on a building at 25 Van Zant Street in that city. The plaintiffs are the owners of units of the 25 Van Zant Street condominium. The building was one of the first condominium conversions in this state. The premises were converted from a multi-tenanted factory to an industrial condominium.
In February, 1980, the defendant board of tax review reassessed the value of the condominium according to the defendant tax assessor's revaluation, though a reassessment of the same premises had been done in 1973. The 1980 reassessment was done as a supplement to the 1979 grand list. The assessor's revaluation nearly quadrupled the property value of the condominium from the time of the 1973 assessment.
The plaintiffs appealed the board's actions affecting the 1979 tax list to this court. Thereafter, the plaintiffs amended their appeal to include the later tax list years 1980 through 1982. On November 18, 1982, this court granted a motion for summary judgment in favor of the plaintiffs regarding the 1979 grand list only. This court held that certain defects in the notice given to the plaintiffs with respect to the 1979 list year mandated the granting of the summary judgment.
Pursuant to this court's memorandum of decision on the motion for summary judgment, the plaintiffs' counsel prepared a judgment file based on this court's decision. The memorandum of decision made no mention of an award of interest, but the judgment file prepared by the plaintiffs' counsel and then signed by this court stated that the sums owed to the plaintiffs were to be "repaid with statutory interest."
Then, on July 23, 1986, the parties executed a stipulation for judgment before the court, Emmett, J., which was entered as a judgment on July 31, 1986. The stipulation provided for adjustment of market valuation, rebates of tax overpayments and interest computed from November 18, 1982, the date of the summary judgment. The stipulation pertained primarily to the 1980, 1981, and 1982 list years. References in the stipulation to the 1979 tax year accorded with the summary judgment disposition. The parties have fully complied with the express terms of the stipulation. CT Page 503
The defendant contends that the stipulation between the parties dated July 31, 1986, fully covered and settled all matters contained within the plaintiffs' complaint, including the consideration of all interest. The plaintiffs argue that the stipulation was silent regarding the prejudgment interest for the 1979 list year, and that such silence was at variance with the judgment file of November 30, 1982, which the plaintiffs contend only could have referred to prejudgment interest.
In 1987, the trial court, Ryan, J., summarily denied the plaintiffs' motion for execution seeking an order from the court permitting them to execute upon the summary judgment for prejudgment interest as to the 1979 list year. Specifically, the plaintiffs sought to execute the judgment in order to collect prejudgment interest on the tax overpayments from the date on which they paid the taxes until the date of the summary judgment. The plaintiffs contend that they should at least have been given the opportunity for a hearing on the ambiguity between the judgment file and the stipulation during their consideration of their motion for execution, but were precluded from doing so by the trial court.
The trial court had refused to execute upon the judgment because it considered the judgment stale. This was held to be erroneous by the Appellate Court. The Appellate court remanded the case for a rehearing on the plaintiffs' motion for execution. In remanding the case the Appellate Court stated: "In refusing to execute upon the judgment because it considered the judgment stale, the trial court did not rule upon the questions of whether the stipulated judgment entered into by the parties covered the 1979 tax year or whether the summary judgment included prejudgment interest for the 1979 tax year. Accordingly, this case must be remanded for a resolution of those questions." Stafford Higgins Industries, Inc. v. Norwalk, supra, 759.
About the second question, the Appellate Court supplied a partial answer when it stated:
"We first note that the court's grant of summary judgment was entered pursuant to General statutes Sec. 12-119 which provides for reimbursement of the overpaid taxes in accordance with the judgment of the Superior Court. General Statutes Sec.12-119 also provides that the trial court may make a discretionary award of interest. In its memorandum of decision, the first trial court did not address the matter of interest, but `directed [the plaintiffs' counsel] to submit a form of judgment' which would conform to the court's memorandum. The judgment subsequently prepared by the plaintiffs' counsel, CT Page 504 signed by the court, and dated November 30, 1982, specified that the tax overpayment be repaid to the plaintiffs `with statutory interest.' No appeal was taken from that judgment.
"It is well established that the judgment file itself and not the court's memorandum of decision constitutes the record judgment. Pepin v. Danbury, 171 Conn. 74, 81, 368 A.2d 88
(1976); Harris v. First National Bank Trust Company, 139 Conn. 749,752, 97 A.2d 260 (1953). A claimed discrepancy between the memorandum of decision and the judgment file is one of substance and should have been raised by an appeal from the judgment. Ravizza v. Waldie, 3 Conn. App. 491, 494, 490 A.2d 90
(1985). An instrument signed by a judge rendering a judgment is prima facie the judgment of the court, and is evidence of what the court has decided. 46 Am. Jur., Judgments, Sec. 70; see also Practice Book Sec. 338. Accordingly, we find that the first trial court exercised its discretion and awarded the plaintiff interest on the judgment." Stafford Higgins Industries, Inc. v. Norwalk, supra, at 756-57.
Since General Statutes Sec. 52-350f provides for enforcement of a money judgment to the amount of the money judgment with interest as provided by chapter 663 on the money judgment, there is no basis for a court to exercise discretion in awarding post-judgment interest. The plaintiffs in their brief claim "Section 52-350f operates in and of itself on an unpaid judgment and need not be specifically referred to in order to entitle the judgment holder to such post-judgment interest"; and the defendant, while claiming that the phrase "with statutory interest" as it appears in the judgment file can only be interpreted as referring to allowance of post judgment interest, also concedes that post-judgment interest as provided by Section 52-350f is mandatory.
The defendant, in its brief, points out that General Statutes Sec. 12-118, specifically provides "If the assessment made by the Board of Tax Review is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes together with interest and costs." On the other hand, General Statutes Sec. 12-119, which is the operative section in this case, provides only that when relief is granted, "In all such actions the court shall have the power to grant such relief upon such terms and in such manner and form as justice and equity appertains, and costs may be taxed at the discretion of the court."
However, when the Appellate Court states: "Accordingly, we find that the first trial court exercised its discretion and awarded the plaintiff interest on the judgment," it must be referring to its assertion that: "We first note that the court's CT Page 505 grant of summary judgment was entered pursuant to General statutes Sec. 12-119 which provides for reimbursement of the overpaid taxes in accordance with the judgment of the Superior Court. General Statutes Sec. 12-119 also provides that the trial court may make a discretionary award of interest."
The Appellate Court asserted in its decision remanding the issue that "[a] claimed discrepancy between the memorandum of decision and the judgment file is one of substance and should have been raised by an appeal from the judgment. . . . An instrument signed by a judge rendering a judgment is prima facie the judgment of the court, and is evidence of what the court has decided." This court therefore seems precluded from any other conclusion but that the "statutory interest" allowed in the summary judgment file is prejudgment interest for the overpayment on the 1979 tax year from the date of the actual payment of the excess amount until the date of the summary judgment. Moreover, prejudgment interest on the overpayment of taxes was appropriate because retention of the overpayment was money wrongfully withheld because of a breach of duty by the assessor and the excessive revaluation.
This court has examined the stipulated judgment. The plaintiffs are correct when they assert that the 1979 tax year (which was the subject of this court's summary judgment) is referenced only to settling the assessment, taxes and post-judgment interest in conformity with the summary judgment. Nothing in the stipulation purports to modify that judgment. The stipulation addressed post judgment interest that had accrued since the date of the summary judgment on November 18, 1982. The stipulation does not refer to any prejudgment interest established by the summary judgment file. The plaintiffs are entitled to demand payment of that interest or to an execution for collection upon non-payment.
Subject to mathematical correction, this court accepts the stipulated calculation that the taxpayers overpaid taxes on the 1979 list in the amount of $72,787.20. The court assumes the plaintiffs are correct in the claim that one-half of this amount, or $36,393.60, was paid in July of 1980 and the balance paid in January, 1981. Then, as of November 19, 1982, half the total had been accruing interest at the then statutory rate of 8% per annum for over 28 months, and half the total had been accruing interest at that rate for over 22 months. The court also accepts the plaintiffs' calculation that half of the tax overpayment accrued interest to the amount of $6,937.05 from the date of its payment through November 18, 1982 and the balance accrued interest to the amount of $5,481.31 from the date of its payment through November 18, 1982. The total accrued prejudgment interest on the sum overpaid from the date of CT Page 506 payment until the date of summary judgment is $12,418.36.
The plaintiffs also seek the award of post judgment interest from the date of the summary judgment until collection. The short answer to this is that the contract of stipulation resolved all claims of post judgment interest. Just as the plaintiffs appear to have consciously excluded the question of prejudgment interest from the stipulation (without necessarily having alerted the defendant), the plaintiffs contracted to the amount of interest from the date of the summary judgment and in the process have waived any additional interest on that judgment.
The plaintiffs are entitled to an execution to secure the balance due under the summary judgment to the amount of $12,418.36, consisting of uncollected prejudgment interest on taxes overpaid and the amount wrongfully withheld from the date of payment until the date of the summary judgment, November 18, 1982.
IT IS HEREBY ORDERED, that execution may issue in favor of the plaintiffs and against the defendant for the sum of $12,418.36.
NIGRO, J.