[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
It appears from the amended application filed by the Bridgeport Hydraulic Co. ("the applicant") and the affidavit filed in support of the Motion to Dismiss filed by the Town of Weston ("the Town") that the Town Abandoned and Discontinued an unimproved section of Wells Hill Road. The applicant does not own property which abuts the discontinued section of the road, but does own parcels of land located on opposite ends of the discontinued section which do abut improved portions of Wells Hill Road.
The applicant claims to be aggrieved by the actions of the Town and seeks, pursuant to General Statutes 13a-49 and13a-62, the appointment, by the court, of a committee of three disinterested persons to determine common convenience and necessity of Wells Hill Road. The applicant claims to be aggrieved by the action of the Town because the discontinuance of the roadway: (1) effectively placed a parcel of land on a cul-de-sac; (2) eliminated the right of the applicant to apply to the court, pursuant to General Statutes 13a-103, for relief from the failure of the Town to properly maintain the road; (3) leaves one parcel of land owned by the applicant with a remaining access which is insufficient for the size and location of the property; and (4) restricts the use of the property and reduces the value of the parcel.
The Town has filed a Motion to Dismiss the application on the grounds that the applicant is not aggrieved by the action of the Town in discontinuing the roadway.
The affidavit filed by the Town contains allegations of fact relating to the degree to which vehicles may presently utilize the discontinued roadway, the uses to which the applicant has utilized its property and the prior use of the roadway by the applicant. Such statements are found to be insufficient to establish the absence of a genuine issue of material fact. Accordingly, the court is limited to a determination of whether the applicant has alleged a sufficient factual basis that it has been aggrieved by the discontinuance of the roadway, and any determination of factual issues must be delayed until a later date. Stamford Tallow Corp. v. Jowdy,190 Conn. 48, 56 91983); Graham v. Estate of Graham, 2 Conn. App. 251,254 (1984) n. 1.
The fundamental test for the existance [existence] of aggrievement involves a twofold determination. "First, the party claiming aggrievement must successfully demonstrate a specific personal CT Page 7725 and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all the members of the community as a whole. Second, the party must successfully establish that this personal and legal interest has been specifically and injuriously affected by the decision." CBIA v. CHHC, 214 Conn. 726, 730 (1990).
The allegations by the applicant that its property has been effectively placed on a cul-de-sac are insufficient to justify an action for damages because the plaintiff has not been effectively denied practical access to the public highway system. Luf v. Southbury, 188 Conn. 336 (1982); Warner v. New York, N.H. H.R. Co., 86 Conn. 561 (1913); Park City Yacht Club v. Bridgeport, 85 Conn. 366 (1912). The rights-of-way granted to the applicant by the provisions of General Statutes 13a-55
to make unabated use of the discontinued roadway, including the right to make improvements thereon, demonstrates that the applicant has not been denied any right of access. Luf v. Southbury, supra at 344 and 348. Accordingly, the right of access resulting from the discontinuance has not been decreased and therefore does not, of itself, constitute aggrievement.
The applicant also claims to be aggrieved by the loss of its rights under General Statutes 13a-103 to petition the court to compel the Town to improve the roadway. Such a right is granted by the statute to "any six or more citizens and is therefore a right shared with the community as a whole and its loss does, therefore, not constitute aggrievement.
The third ground of aggrievement alleged by the applicant relates to the claim that the discontinuance of the roadway leaves the applicant with a remaining access which is insufficient for the size and location of its property. The provisions of General Statutes 13a-103 provides the applicant with the same right of access that it held before the discontinuance and therefore does not constitute aggrievement.
The fourth ground of aggrievement alleged by the applicant is found in paragraph 11 of the amended application and asserts that the discontinuance `restricts the use to which the Applicant may put the parcels of real property reduces those parcels' value" [sic]. Such allegations, if proven, might constitute a specific personal and legal interest of the applicant as distinguished from a general interest of all members of the community and, if proven, might establish that the applicant has been specifically and injuriously affected by the decision to discontinue the roadway. See HUll v. Planning Commission, 181 Conn. 442, 445 (1980). Such claims therefore constitute an allegation of aggrievement. CT Page 7726
Accordingly, the Motion to Dismiss is denied.
RUSH, J.