[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE (#104) DEFENDANTS' REQUEST TO REVISE
The defendants in the above-captioned matter have requested that the plaintiffs revise the fourth paragraph of the First Count of their Complaint wherein it is alleged that as a result of an automobile collision caused by the defendant Robert Paola, ". . . the Plaintiff, Davone Southiseng suffered injuries of a serious and painful nature in that she sustained the loss of her fetus/child . . ."
On February 21, 2001, the plaintiffs, Sonny and Davone Southiseng, commenced this action. Their complaint alleges the following facts. On or about December 23, 1999, the plaintiffs were headed in their motor vehicle in a westerly direction on the Merritt Parkway in the town of Trumbull. Sonny operated the vehicle and Davone was passenger. The defendant, Robert Paola, was operating his motor vehicle behind that of the plaintiffs. As the plaintiffs slowed and were stopped for other traffic ahead the vehicle operated by Paola collided into the rear of plaintiffs' vehicle.
As a result of this accident they allege, in the first count, that Davone suffered injuries of a serious, painful and permanent nature in that she sustained the loss of her fetus/child; emotional upset and distraught; psychological/psychiatric trauma; musculo-ligamentous sprains to the cervical and lumbosacral spines; a general shock to the nervous system; and headaches which prevent her from the enjoyment of life as she was entitled.
The defendants filed a request to revise the complaint pursuant to Practice Book § 10-35.[1] They seek to delete the allegation "the loss of her fetus/child" from the complaint, pursuant to subdivision (2) of § 10-35, or, in the alternative, to require the plaintiff to set that allegation forth in a separate count, pursuant to subdivision (3) of § 10-35. CT Page 2241
The plaintiffs object to the request to revise, arguing that the fetus is a part of the mother and that its loss is an injury to her. They further argue that the claim is not one for wrongful death, and that it is therefore not proper to plead it in a separate count. Finally, they argue that, in accordance with Connecticut's fact pleading requirement, the allegation plainly states the fact of injury and the body part involved.
"The request to revise is a motion for an order directing the opposing party to revise his pleading in the manner specified. It incorporates, in Practice Book § [10-35], the former motion to expunge. See I Stephenson, Conn. Civ. Proc. (2d Ed., 1979 Sup.) § 163. Thus this subsection may be used to obtain the deletion of `otherwise improper allegations.' It is true that the former motion to expunge, now the request to revise, may not ordinarily be `used to test substantial rights' in lieu of a demurrer . . ." (Citation omitted; footnotes omitted.) Royce v. Westport, 183 Conn. 177, 180, 439 A.2d 298 (1981).
The defendants' request to revise first seeks to delete the alleged injury of "the loss of her fetus/child." This request is made pursuant to § 10-35 (2), which allows "the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial, or otherwise improper allegations in an adverse party's pleading . . ." Practice Book §10-35(2). The defendants argue that the allegation is unnecessary, irrelevant and immaterial to the personal injury claim of Davone.
The request to revise seeks to delete an allegation that raises the legal issues of whether the loss of a fetus or unborn child constitutes a physical injury to the mother, and whether that loss allows her to recover therefor. In other words, the request to delete would require the court to address and decide Davone's substantial rights. However, "[a] motion to expunge is not designed to test substantial rights"; Harris v. FirstNational Bank Trust Co., 139 Conn. 749, 753, 97 A.2d 260 (1953); and a court may not give it "that improper effect" by striking the allegation. Id.; see also Bock v. Meriden Trust Safe Deposit Co.,135 Conn. 94, 101, 60 A.2d 918 (1945) (substantial questions of law should not be determined upon motion to expunge). "In no event should the motion to expunge be permitted to take the place of the demurrer, or of the motion to strike . . ." Donovan v. Davis, 85 Conn. 394, 398, 82 A. 1025
(1912). Although the motion to expunge, now the request to revise, is the proper "remedy by which to secure the exclusion of matter which is entirely immaterial or irrelevant to any cause of action; id.; "[i]t should never be used, except in plain cases." Id.
Because in the present case novel legal issues of first impression CT Page 2242 affecting Davone's substantial rights require resolution, the court cannot determine at this stage in the proceedings[2] that the allegation "loss of her fetus/child" is entirely unnecessary, immaterial or irrelevant to Davone's cause of action for negligence against the defendants. Because of the novel legal issues involved, this is not a "plain" case, and the court must therefore decline to entertain the request to delete the allegation from the complaint. See id.
Due to the nature of the request to revise, the court does not have enough facts regarding the age of the fetus, when it was due to be born, and when in its gestation period it was injured, to reach a correct decision even if this had not been a case of first impression and the lawwas clear and established. On the whole, the issues are more appropriately addressed on a subsequent motion raising substantive legal issues, such as a motion to strike, or a motion for summary judgment.
The defendants next ask the court to order the plaintiffs to set forth "the loss of her fetus/child" as an injury to the mother in a separate count. This request is made pursuant to § 10-35 (3), which allows the "separation of causes of action which may be united in one complaint when they are improperly combined in one count . . ." Practice Book §10-35(3). The defendants argue that the allegation is unnecessary, irrelevant and immaterial to the personal injury claim of Davone.
The allegation "she sustained the loss of her fetus/child" is contained in the fourth paragraph of the complaint, which recites the injuries Davone allegedly sustained as a result of the accident. In the first three paragraphs the plaintiffs allege the facts of the accident itself, and in the seventh paragraph they allege in what manner the defendants conduct was negligent.
Section 10-35 (3) clearly speaks of the separation of "causes of action." "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." (Internal quotation marks omitted.)Wagner v. Clark Equipment Co., 259 Conn. 114, 129, 788 A.2d 83 (2002).
The single group of facts claimed to have brought about the Davone's injuries are contained in the first three paragraphs and the seventh paragraph of the complaint, in which the plaintiffs allege the facts of the accident, and the negligent acts of the defendants. Those paragraphs CT Page 2243 contain the cause of action brought under the first count — a cause of action for negligence.[3] The fourth paragraph merely contains the injuries alleged to be the result of that cause of action. Only one of those injuries is alleged to be "the loss of [Davone's] fetus/child." The defendants did not ask the court to order the plaintiffs to set forth each alleged injury in a separate count, presumably because it is clear that each alleged injury arises out of the same single group of facts — the cause of action — alleged in the first three counts. InWagner v. Clark Equipment Co., Inc. the Supreme Court reiterated that not even "[a] change in, or an addition to, a ground of negligence or an act
of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff . . . [changes] the cause of action." (Emphasis added.) Id. The mere addition of a certain injury to a list of injuries does not, therefore, change the underlying cause of action. See id., 130 ("whe[n] an entirely new and different factual situation is presented, a new and different cause of action is stated"); see also Isaac v. Truck Service,Inc., 253 Conn. 416, 421, 752 A.2d 509 (2000) ("[e]ven though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action").
Because the injuries in the fourth count do not define the cause of action, as defined by the Connecticut Supreme Court in Wagner v. ClarkEquipment Co., Inc., supra, 129, the court is not required to order the plaintiffs to set forth a separate cause of action for negligence with only the loss of Davone's fetus/child as an injury.
Based upon the foregoing, the defendants' request to revise is hereby denied.
By the Court,
Joseph W. Doherty, Judge