Homer L. Odell *v.* Edward A. Platt, Sheriff of the County of Fairfield

Superior Court Fairfield County File No. 105491

Memorandum filed March 11, 1958

*David M. Reich,* of Bridgeport, for the plaintiff.

*Lorin W. Willis,* state's attorney, for the respondent.

MacDonald, J. Applicant, Homer Lee Odell, a resident of North Carolina, was convicted in the Superior Court of Rockingham County, in the state of North Carolina, in December, 1955, of aiding and abetting in breaking and entering, having pleaded guilty to this crime. After being given a sentence of twelve months in prison with execution suspended for five years upon certain conditions of probation for good behavior, he was again arrested for admitted aiding and abetting in the larceny of two automobiles and breaking and entering two stores, whereupon his probation was revoked for violation of the specific terms thereof and the original sentence of twelve months' imprisonment reinstated, with assignment to work under the supervision of the state highway and public works commission. On December 14, 1957, while serving this sentence, he escaped to Connecticut where he was apprehended and is now being held and confined in the Fairfield County jail.

Upon the foregoing facts, which are uncontroverted, a formal application for extradition was made by the governor of North Carolina to His Excellency, the Governor of Connecticut, who, upon finding the application and supportive documents in order (a conclusion with which the court, after careful examination is in complete accord) and after a hearing at which Odell was represented by counsel, issued a warrant dated February 20, 1958, directing Odell to be arrested and delivered to the duly authorized officer for return to the state of North Carolina. It is by virtue of this warrant, which was presented in court, that this applicant is being held in custody of the respondent.

Counsel for the applicant claimed in his application for a writ of habeas corpus and argued capably and eloquently at the hearing thereon that the detention and return of this fugitive would be a violation of applicant's constitutional rights, more especially as set forth in articles 5, 6, 8 and 14 of the amendments to the constitution of the United States, relating to cruel and unusual punishment, imposition of excessive fines and the right to counsel, and also as set forth in §§ 9 and 13 of article I of the constitution of Connecticut. Counsel cited in support of these claims numerous decisions by the United States Supreme Court, most, if not all of which, were found to be appeals from the state courts which originally imposed sentence.

It is clearly beyond the authority of this court to pass upon the constitutionality of the conviction or sentencing of the applicant by the Superior Court of North Carolina. If his constitutional rights were violated there, his remedy lies in an appeal to the highest court of that state or the United States courts having jurisdiction. In *Rosenberg* v. *Slavin,* 122 Conn. 304, in sustaining the dismissal of a writ of habeas corpus involving extradition to New York, our Supreme Court said, at pages 308, 309, in language readily applicable to the case under consideration: "We did not mean to say that before one can be extradited the courts of the State where he is found are to determine whether or not he has committed a crime in the demanding State. Such a view would go far to defeat the whole plan for the interstate extradition of those charged with crime, and the right of courts of the State in which the accused is found to inquire into his guilt or innocence of the crime charged is denied by a host of decisions. 29 C.J. p. 81. In *Biddinger* v. *Commissioner of Police,* 245 U.S. 128, 134, 38 Sup. Ct. 41, it is said: 'The scope and limits of the hearing on habeas corpus in

such cases has not been, perhaps it should not be, determined with precision. Doubt as to the jurisdiction of the court to review at all the executive conclusion that the person accused is a fugitive from justice has more than once been stated in the decisions of this court; *Ex parte Reggel,* 114 U.S. 642, 5 Sup. Ct. 1148; *Roberts* v. *Reilly,* 116 U.S. 80, 6 Sup. Ct. 291; *Appleyard* v. *Massachusetts,* 203 U.S. 222, 27 Sup. Ct. 122; but the question not being necessary for the disposition of the cases in which it is touched upon, as it is not in this, is left undecided. This much, however, the decisions of this court make clear; that the proceeding is a summary one, to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest; that when the extradition papers required by the statute are in proper form the only evidence sanctioned by this court as admissible on such a hearing is such that tends to prove the accused was not in the demanding State at the time the crime is alleged to have been committed; and, frequently and emphatically, that defenses cannot be entertained on such a hearing but must be referred for investigation to the trial of the case in the courts of the demanding State.' That we did not mean to apply the contrary rule in *Taft* v. *Lord* is apparent from the fact that the case of *Biddinger* v. *Commissioner of Police,* supra, and other cases of like import were cited to the court in the brief filed in behalf of the defendant, but the court found no occasion to consider them. In the present case, the reply does not allege that the plaintiff was not in New York at the time the crime is charged as having been committed; but the claim is that his conduct touching the matters upon which the charge is based did not constitute a crime. That issue is one to be determined, not by the courts of this State before he is surrendered for extradition, but by a proper court of New York in a trial to be held there."

The applicant contends that the demand for extradition is contrary to § 3 of Public Act No. 362 of the 1957 session of the General Assembly in that it contains no allegation that the accused was present in North Carolina at the commission of the alleged crime. Since the demand does allege that the fugitive appeared and pleaded guilty and the supporting documents attached thereto otherwise show the accused present at the commission of the alleged crime in that state, this claim is without merit.

The application for writ of habeas corpus is denied.